**Norfolk**

RODERICK S. NESBIT

v.

COMMONWEALTH OF VIRGINIA

No. 1069-91-1

Decided December 1, 1992

COUNSEL

David W. Bouchard, for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Roderick S. Nesbit (appellant) appeals from his bench trial convictions by the Circuit Court of the City of Chesapeake (trial court) for possession with intent to sell cocaine and for obstructing justice. He contends: (1) the police officer lacked authority to empty his pockets or, in the alternative, lacked authority to conduct a limited pat-down search for weapons under the facts of this case; (2) Rule 5A:18 does not bar him from appealing his void sentence of thirty days rendered upon the conviction of a Class IV misdemeanor; and (3) the thirty-day sentence for a Class IV misdemeanor is void and of no effect.

■ Upon familiar principles, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Wright v. Commonwealth*, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982). On June 29, 1990, at 9:30 p.m., W. H. Barber, an experienced street detective with the Chesapeake Police Department, saw appellant standing on the corner of Parrish and Stowe Streets, drinking a can of beer. Barber knew that place to be in a high-crime area. Barber approached appellant, identified himself and asked appellant for identification. Appellant produced a driver's license. Barber informed appellant that he was in violation of a city ordinance prohibiting drinking of alcoholic beverages in public. As Barber walked appellant to a patrol car, where he intended to issue a summons for violation of the ordinance, Barber noticed that appellant kept his hand in his right pants pocket. Barber suspected that appellant might have a weapon in his pocket and asked him to remove his hand from his pocket. Appellant became "fidgety" and failed to comply with the request. Barber again asked appellant to remove his hand from his pocket. At trial, Barber articulated the events that followed:

He [appellant] started turning on me at which time I grabbed his pocket where his hand was and he tussled a little bit in the street

and in his attempt to flee I forcibly removed his hand from his pants spilling his wallet and a pill bottle into the roadway.

The pill bottle contained several pieces of rock cocaine.

Barber testified that he did not intend to have appellant empty his pocket because only a summons was involved. Appellant argued that the evidence proved Barber ordered him to empty his pockets. Barber denied that he gave that order. Conflicting evidence on that matter was resolved in favor of the Commonwealth. Barber's testimony established that he requested appellant *to remove his hand* from his pocket, not *to empty* his pocket. His request was based on his suspicion that appellant may have had a weapon in his pocket, such as "a .22 derringer," "a small lock blade knife," "a razor blade," or "any number of weapons that [he is] familiar with in every day street encounters."

■ "To justify removal of [an] item from [the suspect's] pocket, it [is] not necessary that the item actually be a weapon. [The officer is] entitled to remove the item if he reasonably believe[s] that it [is] a weapon." *Williams v. Commonwealth*, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987) (citations omitted). Whether the circumstances justify the inference that the suspect may be armed and dangerous depends upon "the 'characteristics of the area' where the stop occurs, the time of the stop . . . as well as any suspicious conduct of the person accosted such as an obvious attempt to avoid officers or any nervous conduct on the discovery of their presence." *Id.* (citations omitted).

The encounter between Barber and appellant occurred in a high-crime area. Appellant declined to remove his hand from his pocket where a weapon could have been hidden. When appellant was asked to remove his hand from his pocket, he refused to comply, became fidgety, "tussle[d] a little bit," turned and attempted to flee. Viewing the totality of the circumstances, we find that the actions taken by Barber were justified and involved no unlawful seizure as alleged by appellant.[1] *See, e.g., United States v. Rideau*, 969 F.2d 1572 (5th Cir. 1992). The trial court's refusal to suppress evidence of the drugs discovered during this encounter was not error, and the judgment of conviction for possession of cocaine with the intent to distribute is affirmed.

---

[1] Appellant's reliance on *Payne v. Commonwealth*, 14 Va. App. 86, 414 S.E.2d 869 (1992), is misplaced. In *Payne*, without any preceding cause or articulated reason, the police officer grabbed Payne's arm. That case differs in fact from the one before us.

Appellant was also convicted for obstruction of justice in violation of Code § 18.2-460(A), a Class 4 misdemeanor. The punishment for a Class 4 misdemeanor is a fine of not more than $250. *See* Code § 18.2-11. Because the trial court erred in imposing a sentence of thirty days in jail, we need not address issue two and that portion of the trial court's order imposing punishment is vacated and the case is remanded to the trial court for resentencing in accordance with Code § 18.2-11.

*Affirmed in part,*
*reversed in part, and remanded.*

Bray, J., and Fitzpatrick, J., concurred.