COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Bumgardner
Argued at Richmond, Virginia


DOUGLAS OLGERS

MEMORANDUM OPINION[*] BY
v.    Record No. 0856-99-2          JUDGE RICHARD S. BRAY
                                        MAY 9, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
James F. D'Alton, Judge

David B. Hargett (Morrissey & Hershner,
P.L.C., on brief), for appellant.

Marla Graff Decker, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Douglas Olgers (defendant) was convicted in a bench trial for

"kill[ing] antlerless deer during closed season," a misdemeanor in

violation of Code § 29.1-550(i), and possession of a firearm by a

convicted felon, a violation of Code § 18.2-308.2.  He complains

on appeal that the trial court imposed an impermissible punishment

for the misdemeanor and challenges the sufficiency of the evidence

to establish that the firearm was operational.  We agree that the

court improperly sentenced defendant for the game offense and,

therefore, reverse the order and remand for resentencing.

However, because defendant raises the specific evidentiary

---

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

challenge to the firearm conviction for the first time on appeal, we decline to address the issue and affirm the trial court.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

I.

Based on familiar principles, we view the record "'in the light most favorable to the Commonwealth, giving it all reasonable inferences fairly deducible therefrom.  In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth . . . .'"  Watkins v. Commonwealth, 26 Va. App. 335, 348, 404 S.E.2d 856, 866 (1998) (citation omitted).

On December 18, 1997, James Campbell, a "Special Agent" of the Virginia Department of Game and Inland Fisheries, while conducting an undercover investigation of unlawful "hunting activities," was invited to join defendant, Randall Coleman and Kenny Westmoreland in a deer hunt on property owned by Westmoreland's family.  At the inception of the outing, Campbell, Coleman and Westmoreland "got in a line around the woods," while defendant noisily "came through the woods," "attempt[ing] to drive any deer" into the open area.  Although defendant's efforts were unsuccessful, he soon emerged "carrying . . . an antlerless [doe] deer across his shoulder," which he

-

identified as "one . . . he shot at the night before" with a "rifle" borrowed from Coleman.

The hunt resumed and, after several hours, defendant tired and decided "to take a [deer] stand" and there await passing deer. Armed with "Coleman's twelve gauge shotgun," he proceeded to "a stand in plain sight" of Campbell, while Coleman "made a drive without a weapon." Despite these efforts, however, no game was harvested and "no shots were fired" by anyone in the party.

## II.

Upon convicting defendant for a violation of Code § 29.1-550, the court imposed a sentence of "Incarceration in JAIL for a term of: 12 months," suspended upon certain terms and conditions. However, the statute provides that a violation shall constitute a Class 2 misdemeanor, an offense punishable by "confinement in jail for not more than six months and a fine of not more than $1,000, either or both." Code § 18.2-11. Thus, the disputed sentence clearly exceeded the statutory limitation, and we, therefore, must reverse the order and remand for resentencing. See Nesbit v. Commonwealth, 15 Va. App. 391, 424 S.E.2d 239 (1992).

Defendant next contends that the evidence was insufficient to prove that the weapon that he allegedly possessed was a firearm within the intendment of Code § 18.2-308.2. Relying upon Jones v. Commonwealth, 16 Va. App. 354, 429 S.E.2d 615

-

(1993), he asserts on brief that the Commonwealth must establish, as an element of the offense, that the weapon was "operational," "capable of firing bullets."  See also Gregory v. Commonwealth, 28 Va. App. 393, 504 S.E.2d 886 (1998).  However, in challenging the sufficiency of the evidence before the trial court, defendant addressed only the possession component to the crime, rather than the nature and character of the weapon.

> Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Redman v. Commonwealth, 25 Va. App. 215, 218, 487 S.E.2d 269, 271 (1997).  Thus, if the argument of an accused before the trial court fails to "specify in what respects the . . . evidence [is] insufficient to prove" the offense, such issue is "not properly preserved" for appeal.  Id. at 220, 487 S.E.2d at 272.  Accordingly, we decline to address defendant's contention that the evidence failed to prove a firearm, and find that no miscarriage of justice supports invocation of the related exception to the rule.  See generally id. at 221-22, 487 S.E.2d at 272-73.

-

We, therefore, affirm the convictions, but reverse the misdemeanor sentencing order and remand for resentencing consistent with this opinion.

<u>Affirmed, in part,<br>
reversed and<br>
remanded, in part</u>.