COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


EDWARD LEE CHERRY
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 0468-00-1       JUDGE RUDOLPH BUMGARDNER, III
                                           APRIL 17, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                    Rodham T. Delk, Jr., Judge

            S. Jane Chittom, Appellate Defender (Public
            Defender Commission, on brief), for
            appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


     The trial court convicted Edward Lee Cherry of robbery and

use of a firearm during the commission of a felony.  It

sentenced him to twenty-five years for robbery but suspended

eighteen years of the sentence for an indefinite period

conditioned on good behavior.[1]  The trial court placed the

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] The sentencing order provides:

            The Court SUSPENDS EIGHTEEN (18) YEARS of
            the Twenty-Five (25) years sentence, for an
            indefinite period, upon the following
            conditions:  that the defendant attend
            mental health counseling.

defendant on supervised probation for an indefinite period.[2]  He

contends the trial court erred in suspending his sentence and

placing him on probation for "an indefinite period."  Finding no

error, we affirm.

The defendant did not raise his objection in the trial

court; Rule 5A:18 bars consideration of it on appeal unless the

sentence is void.  Nesbit v. Commonwealth, 15 Va. App. 391, 394,

424 S.E.2d 239, 240 (1992).  The defendant concedes in argument

that he made no objection to the sentence imposed at trial and

that he can prevail on this appeal only if the sentencing order

is void.  If the sentence exceeds the statutory limits, the

excessive portion is invalid, and objection can be raised at any

time.  Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509,

510-11 (1973).

---

> Good Behavior:  The defendant shall be of
> good behavior for an indefinite period from
> the defendant's release from confinement.
> Supervised Probation:  The defendant is
> placed on probation on his release from
> incarceration, under the supervision of a
> Probation Officer for an indefinite period,
> or unless sooner released by the court or by
> the probation officer.  The defendant shall
> comply with all the rules and requirements
> set by the probation officer.  Probation
> shall include substance abuse counseling
> and/or testing as deemed necessary by the
> Probation Officer.

(Emphasis in original).

[2] The trial court sentenced the defendant to three years on
the firearm offense and suspended none of that sentence.

A trial court may suspend a sentence and place the defendant on probation. If no period of suspension or probation is fixed, the maximum sentence authorized for the crime defines the maximum period of suspension or of probation. If a period is specified, the limitation on the trial court's discretion in fixing the maximum period is that it be reasonable. Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952).

The trial court "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-303.1. "The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation . . . ." Code § 19.2-306.

The trial court convicted the defendant of robbery for which the maximum sentence permitted is life in prison. Indefinite suspension or indefinite probation could not exceed a sentence for life. The trial court did not impose a period of suspension or probation that exceeded the maximum sentence authorized. An indefinite period was reasonable given the gravity of the offense, robbery. The sentencing order is not void. Accordingly, we do not consider an objection the

- 3 -

defendant raises on appeal but which he never addressed to the sentencing judge.

Affirmed.