THIS OPINION HAS NO PRECEDENTIAL
VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH
CAROLINA
In The Court of Appeals

 
 
 
 The
 State,        Respondent,
 
 
 

v.

 
 
 
 Willie
 Weaver,        Appellant.
 
 
 

Appeal From Aiken County
William P. Keesley, Circuit Court Judge

Unpublished Opinion No.
2005-UP-458
Heard May 11, 2005  Filed July 19, 2005

AFFIRMED

 
 
 
 Assistant Appellate Defender
 Eleanor Duffy Cleary, of Columbia, for Appellant.
 Attorney General Henry D.
 McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant
 Deputy Attorney General Salley W. Elliott, and Assistant Attorney
 General W. Rutledge Martin, all of Columbia; and Solicitor Barbara R.
 Morgan, of Aiken, for Respondent.
 
 
 

PER CURIAM:  Willie
Weaver appeals his conviction for possession of crack cocaine, arguing the trial
court erred in failing to suppress evidence found during the search of his
person.  We affirm.
FACTS
On August 3, 2002, Aiken Public
Safety officer Brad Terry, while on patrol of an area known for drugs, observed
Weaver standing in a roadway holding a beer can.  Officer Terry watched
Weaver dispose of the beer can.  As Weaver placed the can in the trash,
Officer Terry noticed a shiny metal object in Weavers right hand and
that Weaver placed his right hand, along with the object, in his pocket. 
Weaver proceeded to join three other men at a neighborhood grocery store. [1] 
Officer Terry stopped his patrol
car, exited the vehicle, and approached Weaver and the other men to inform
Weaver a city ordinance prohibited drinking beer on the street.  Officer
Terry also asked the men if anybody had any dope, to which Weaver replied
no just beer.  Officer Terry told the men to remain at the grocery
store and everything would be cool.  Officer Terry testified he
noticed Weavers hand remained in his pocket throughout the conversation,
which appeared unnatural to Officer Terry.
Officer Terry told Weaver to remove
his hand from his pocket.  Weaver failed to comply with the request. 
Officer Terry repeated the request more than one time, but Weaver failed
to comply.  Officer Terry then called for backup because he began to
fear that it may be some type of a weapon.  After calling for backup,
Officer Terry retrieved his weapon and ordered Weaver to remove his right hand
from his pocket.  Weaver complied with Officer Terrys request and
removed his hand from his pocket, but Weaver was no longer holding the shiny
metal object Officer Terry had seen earlier. 
Officer Terry then informed Weaver
he was under arrest for failing to comply with a lawful order of a police
officer.[2]  After handcuffing
Weaver, Officer Terry performed a search of Weavers right pocket.  A set
of keys, a bottle opener, and .21 grams of crack cocaine fell out of Weavers
pocket as a result of the search.  Officer Terry charged Weaver with
possession of crack cocaine, failure to comply with a lawful order, and
disorderly conduct. 
At trial, Weaver moved to suppress
the evidence seized from the search.  Weaver argued he had no duty to
comply with Officer Terrys request to remove his hand from his pocket,
therefore, rendering his arrest and subsequent search incident to that arrest
unlawful.  Additionally, Weaver claimed Officer Terry did not articulate
any reasonable suspicion that Weaver was armed other than the presence of a
shiny metal object in his hand.  As a final ground for his motion, Weaver
asserted Officer Weaver did not have probable cause to arrest him for drinking
in public because the only evidence presented was that Weaver had in his
possession a beer can.  Based on these three grounds, Weaver contended the
evidence obtained relating to possession of crack cocaine should be
suppressed.   
The trial court denied the motion to
suppress, ruling Officer Terry had a reasonable suspicion that a crime was afoot
because Weaver was seen holding a beer can and walked away when he saw Officer
Terry.  Moreover, the trial court held probable cause existed to arrest
Weaver for failure to obey a lawful order and drinking in a public place. 
The jury convicted Weaver of
possession of crack cocaine.  The trial court sentenced Weaver to eighteen
months imprisonment, suspended to time served of forty-two days, and two years
probation.  This appeal followed.
STANDARD OF REVIEW
In criminal cases, the appellate
court sits to review errors of law only and is bound by the factual findings of
the trial court unless clearly erroneous.  State v. Wilson, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829
(2001).  The trial courts factual findings on whether evidence should be
suppressed due to a Fourth Amendment violation are reviewed only for clear
error.  State v. Brockman, 339 S.C. 57, 66, 528 S.E.2d 661, 666
(2000).  On appeal from a suppression hearing, this court is bound by
the circuit courts factual findings if any evidence supports the findings.
State v. Abdullah, 357 S.C. 344, 349, 592 S.E.2d 344, 347 (Ct. App.
2004), cert. denied (Nov. 19, 2004).  In an appeal from a motion
to suppress evidence based on Fourth Amendment grounds, an appellate court may
conduct its own review of the record to determine whether the evidence supports
the circuit courts decision. Abdullah, 357 S.C. at 349-50, 592
S.E.2d at 347; State v. Butler, 353 S.C. 383, 388, 577 S.E.2d 498, 500-01
(Ct. App. 2003) (holding appellate review of Fourth Amendment search and seizure
cases is limited to determining whether any evidence supports the trial courts
findings).
DISCUSSION
Weaver alleges the trial court erred
in failing to suppress the evidence of crack cocaine.  He argues the search
was an illegal, warrantless search that was not authorized by any exception to
the Fourth Amendment exclusionary rule.  Specifically, Weaver asserts he
was not required to comply with Officer Terrys request to remove his hand
from his pocket because his actions could not have been construed as rising to
the level of reasonable suspicion that criminal activity was afoot. 
Therefore, he contends any evidence obtained as a result of the search should
have been excluded.  We disagree.
The Fourth Amendment to the United
States Constitution guarantees the right of citizens to be secure from
unreasonable searches and seizures; however, an officer may make an
investigatory stop if the officer has a reasonable articulable suspicion based
on objective facts that the person is engaged in criminal activity.  Terry
v. Ohio, 392 U.S. 1, 30 (1968).
Generally, a warrantless search
is per se unreasonable and thus violative of the Fourth Amendments
prohibition against unreasonable searches and seizures. State v. Bultron,
318 S.C. 323, 331, 457 S.E.2d 616, 621 (Ct. App. 1995).  However, a
warrantless search will withstand constitutional scrutiny where the search falls
within one of a few specifically established and well delineated exceptions to
the Fourth Amendment exclusionary rule. Id.
at 331-32, 457 S.E.2d at 621.  These exceptions include:  (1) search
incident to a lawful arrest;  (2) hot pursuit;  (3) stop and
frisk;  (4) automobile exception;  (5) plain view
doctrine;  (6) consent; and (7) abandonment.  State v. Dupree,
319 S.C. 454, 456-57, 462 S.E.2d 279, 281 (1995).  [P]robable cause for
a warrantless arrest generally exists where the facts and circumstances
within the arresting officers knowledge are sufficient for a reasonable
person to believe that a crime has been or is being committed by the person to
be arrested.  State v. Moultrie, 316 S.C. 547, 552, 451 S.E.2d
34, 37 (Ct. App. 1994) (quoting United States v. Miller, 925 F.2d 695,
698 (4th Cir. 1991)). 
A search may be conducted incident
to an arrest only if it is substantially contemporaneous with the arrest and
is confined to the immediate vicinity of the arrest.  Shipley v.
California, 395 U.S. 818, 819 (1969); State v. Brown, 289 S.C. 581,
587, 347 S.E.2d 882, 885 (1986).  In Chimel v. California, 395 U.S.
752 (1969), the United States Supreme Court established search incident to
arrest and stated:

 When an arrest is made, it is
 reasonable for the arresting officer to search the person arrested in order to
 remove any weapons that the latter might seek to use in order to resist arrest
 or effect his escape. Otherwise, the officers safety might well be
 endangered, and the arrest itself frustrated. In addition, it is entirely
 reasonable for the arresting officer to search for and seize any evidence on
 the arrestees person in order to prevent its concealment or destruction.
 And the area into which an arrestee might reach in order to grab a weapon or
 evidentiary items must, of course, be governed by a like rule.

Id. at 762-63. 
  
In Nesbit v. Commonwealth,
424 S.E.2d 239 (Va. Ct. App. 1992), the Virginia Court of Appeals addressed a
factually analogous situation.  In Nesbit, a police officer, on
patrol in a high crime area, observed the defendant drinking a beer in a public
place in violation of a city ordinance.  Id. at 239.  The
officer stopped Nesbit intending to charge him with a violation of the
ordinance.  Id.  However, before a citation could be issued,
the officer noticed the defendant kept his hand in his right pants pocket,
and suspected the defendant might have a weapon.  Id.  When the
officer asked the defendant to remove his hand from his pocket, the defendant
refused.  Id. at 239-40.  After a brief struggle, a pill bottle
containing crack cocaine fell onto the roadway.  Id. at 240. 
The officer placed Nesbit under arrest, charging him with possession with intent
to sell cocaine and obstructing justice.  Id. at 239.  Nesbit
was never charged with the original violation of drinking in public.  Id. 
Nesbit appealed his convictions for
possession with intent to sell cocaine and obstructing justice.  As one of
his grounds for appeal, Nesbit asserted the police officer lacked authority to
empty his pockets or, in the alternative, lacked authority to conduct a limited
pat-down search for weapons.  The Virginia Court of Appeals affirmed the
trial courts denial of Nesbits motion to suppress, holding the officers
actions were justified and involved no unlawful seizure as alleged by
appellant.  Id. at 240.  In reaching this conclusion, the
court reasoned that the officer encountered appellant in a high-crime area,
appellant declined to remove his hand from his pocket where a weapon could have
been hidden, and appellant struggled with the officer and attempted to
flee.  Id.
In the instant case, Weaver argues
the search of his pocket was unlawful because Officer Terry had no reasonable
suspicion to detain him.    We agree with the trial courts
finding that Weavers actions provided Officer Terry with reasonable suspicion
that a crime was afoot in that Weaver was in violation of the municipal
ordinance prohibiting public drinking.  Officer Terry personally observed
Weaver standing in the road holding a can of beer, which he disposed of when he
saw Officer Terry.  At that point, Officer Terry was justified in making an
investigatory stop of Weaver and had the authority to order Weaver to show his
hands.  When Weaver failed to comply with the lawful order, Officer Terry
had sufficient probable cause to place him under arrest.[3]  As a result, Officer Terrys search of
Weavers pocket was a lawful search incident to arrest.  Accordingly, we
hold the trial court did not err in denying Weavers motion to suppress
evidence obtained as a result of that search.[4]  See State v. Trane, 57 P.3d 1052, 1062 (Utah
2002)(holding trial court properly denied defendants motion to suppress
cocaine found on defendants person during a search incident to a lawful,
warrantless arrest where defendant refused to comply with officers order to
submit to frisk after officer found defendant to be intoxicated in public and
disturbing the peace).
CONCLUSION
For the aforementioned reasons,
Weavers conviction and sentence for possession of crack cocaine are
AFFIRMED.
HEARN, C.J., BEATTY and SHORT, JJ.,
concur.

[1] The grocery store apparently was also the residence of one
of the men. 
[2] Aiken Municipal Code section 22-3(b) provides it shall be
unlawful for any person to wilfully fail or refuse to comply with a lawful order
or direction of a city public safety officer, while such officer is about the
duties of his office within the city or upon properties owned by the city.
[3]  We note, however, that had Officer Terry lacked the
reasonable suspicion to stop and detain Weaver initially, Weavers failure to
comply with the order to remove his hand from his pocket would neither have
given Officer Terry the requisite probable cause to arrest Weaver nor authority
to conduct a valid search incident to arrest.  Cf. United States
v. Burton, 228 F.3d 524, 526 (4th Cir. 2000) (vacating federal conviction
for possession of a firearm by a felon based on courts conclusion that officers
search was not supported by a reasonable suspicion of criminal activity and
therefore constituted an illegal search where defendant did not exhibit
evasive or suspicious behavior and there was no indication that he was engaging
in any illegal activity at the time he was approached and questioned by the
arresting officer).
[4] Although the Aiken ordinance authorizing an arrest for failure to
comply with an officers lawful order appears to be overbroad and vague, this
alone is not dispositive of the issue on appeal.  Weavers appellate
counsel did not challenge the validity of the ordinance in his brief. 
Furthermore, even assuming arguendo that the ordinance is unconstitutional, it
would not change the outcome of our decision.  See Michigan v.
DeFillippo, 443 U.S. 31, 40 (1979) (holding, in case involving possession of
a controlled substance, evidence should not have been suppressed where it was
obtained after a search incident to an arrest in reliance on a municipal
ordinance even if the ordinance had been subsequently declared
unconstitutional).