COURT OF APPEALS OF VIRGINIA


Present:   Judges Clements, Haley and Senior Judge Overton
Argued at Richmond, Virginia


DEMETRUS D. BALDWIN, S/K/A
 DEMETRIUS BALDWIN

                                                          MEMORANDUM OPINION[*] BY
v.         Record No. 0312-05-2                       JUDGE NELSON T. OVERTON
                                                                  MAY 30, 2006

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                              Frederick G. Rockwell, III, Judge

            Jason J. Anthony (Goff & Anthony, PLC, on brief), for appellant.

            Alice T. Armstrong, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Tried by the court sitting without a jury, Demetrus D. Baldwin, appellant, was found guilty

of eluding the police and attempted murder.[1]  Appellant contends the evidence was insufficient to

--------

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] There is no dispute that the victim in this case was a police officer.  However, the record
does not reflect appellant was convicted under Code § 18.2-25 and § 18.2-31(6), relating to
attempted capital murder of a law-enforcement officer.  The indictment charged appellant with
"unlawfully and feloniously attempt[ing] to kill and murder Mark David Bowen" in violation of
Code § 18.2-26 and § 18.2-32, which together prohibit attempted murder.  The conviction and
sentencing orders reflect that appellant was convicted of attempted murder in violation of Code
§ 18.2-26 and § 18.2-32.  "A court speaks through its orders and those orders are presumed to
accurately reflect what transpired."  McBride v. Commonwealth, 24 Va. App. 30, 35, 480 S.E.2d
126, 128 (1997).
        Either attempted first-degree murder or attempted second-degree murder is a Class 4
felony.  See Code § § 18.2-26(1) and 18.2-32.  Appellant's sentence of fifteen years exceeded the
statutory maximum permitted for a Class 4 felony.  See Code § 18.2-10(d) (lawful term of
confinement for a Class 4 felony is two to ten years).  Therefore, we vacate appellant's sentence
for attempted murder and remand the case for resentencing upon that charge in accordance with
Code § 18.2-10(d).  See Nesbit v. Commonwealth, 15 Va. App. 391, 394, 424 S.E.2d 239, 240
(1992).

sustain his conviction for attempted murder.[2] Finding the evidence sufficient, we affirm appellant's conviction.

## FACTS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

At about 6:30 p.m. on June 16, 2004, Officer Mark Bowen of the Chesterfield County Police observed appellant driving a vehicle at a speed of thirty-five miles per hour in a ten mile-per-hour zone in an apartment complex. In his police vehicle, Bowen followed appellant and stopped behind him at a red light. After the light turned green and appellant's vehicle began to move forward, Bowen activated his emergency equipment to stop appellant. Appellant proceeded for about 100 yards, then stopped in the turn lane on the right side of the road. Bowen stopped, got out of his vehicle, and walked toward appellant's vehicle.

Bowen observed appellant sitting in the driver's seat of his vehicle. Appellant was talking on a cellular telephone. Bowen paused beside appellant's vehicle for a few moments, but appellant did not acknowledge the officer's presence. Bowen tapped on the driver's side window, but appellant did not respond. Bowen tapped on the window a second time. Appellant placed both his hands on the steering wheel and turned the wheel in Bowen's direction. Appellant then drove away "at a very fast speed." Bowen, who was "right up against" appellant's car when he sped away, testified that he had to jump back and push off the rear of appellant's vehicle to avoid having his feet run over by the vehicle.

---

[2] Appellant did not appeal his conviction for eluding the police.

Bowen testified that when appellant turned his vehicle toward the officer and accelerated away, appellant crossed over two lanes of traffic. There were no impediments to prevent appellant from proceeding forward in the turn lane.

Bowen returned to his vehicle, activated his lights and siren, and pursued appellant. Appellant and Bowen proceeded through two red lights and reached speeds between forty and seventy miles per hour. At one point, appellant traveled eastbound in a westbound lane to avoid traffic stopped at an intersection. The pursuit lasted several miles, and ended when other officers performed a "vehicle jam."

Testifying in his own behalf, appellant said he did not hear Bowen tap on the window. Appellant claimed he did not realize the officer was standing beside the vehicle when appellant sped away following the stop. Appellant testified that Bowen actually was several feet behind appellant's vehicle when appellant drove away. Appellant admitted that he looked in his rearview and side mirrors to avoid any approaching traffic. Appellant said he panicked because he had failed to complete a jail sentence for a DUI conviction and was in violation of his probation. Appellant claimed he had no intention of striking Bowen. Appellant admitted having prior felony convictions.

DISCUSSION

Appellant argues the evidence was insufficient to support his conviction of attempted murder of Bowen.

> When considering on appeal the sufficiency of the evidence presented below, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002); see also McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (*en banc*). Thus, we do not "substitute our judgment for that of the trier of fact." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing

the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

Kelly v. Commonwealth, 41 Va. App. 250, 257-58, 584 S.E.2d 444, 447 (2003) (*en banc*).

By virtue of Code § 18.2-26(1) and § 18.2-32, it is a Class 4 felony to commit attempted murder. "A person cannot be guilty of an attempt to commit murder unless he has a specific intent to kill." Haywood v. Commonwealth, 20 Va. App. 562, 565, 458 S.E.2d 606, 607 (1995).

Appellant claims the evidence did not prove that he possessed the intent to kill Bowen. "Intent is the purpose formed in a person's mind and may be, and frequently is, shown by circumstances. It is a state of mind which may be proved by a person's conduct or by his statements." Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969). "[A] person is presumed to intend the immediate, direct, and necessary consequences of his voluntary act." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). "[W]hether the required intent exists is generally a question for the trier of fact." Id.

Appellant testified that he did not intend to strike the officer when he sped away after the stop. However, appellant admitted that he looked in his rear and side view mirrors before driving away, and he knew the officer was approaching on foot. The trier of fact is not required to accept a party's evidence in its entirety, see Barrett v. Commonwealth, 231 Va. 102, 107, 341 S.E.2d 190, 193 (1986), but is free to believe and disbelieve in part or in whole the testimony of any witness. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). Moreover, the trial court was permitted to consider appellant's prior felony convictions in assessing his credibility. See Code § 19.2-269.

Appellant contends his actions were consistent with panic at the presence of the police and an attempt to escape apprehension. However,

> upon appellate review in a case like this [the issue] is not whether there is some evidence to support defendant's hypotheses. Rather, the issue is whether a reasonable fact finder, upon consideration of all the evidence, could have rejected defendant's theories and found him guilty of the charged offense beyond a reasonable doubt.

Coles v. Commonwealth, 270 Va. 585, 589, 621 S.E.2d 109, 111 (2005).

In Coles, the Supreme Court of Virginia considered the sufficiency of the evidence to support a conviction for attempted capital murder where, during a "felony stop" of the defendant in a motor vehicle, the defendant used his car to strike a police vehicle and push it in the direction of a police officer who was on foot. The officer was forced to jump back to avoid injury. The Court found the evidence supported a finding that the defendant had the specific intent to kill the police officer. Id. at 591, 621 S.E.2d at 112. See also Stevens v. Commonwealth, 38 Va. App. 528, 567 S.E.2d 537 (2002) (evidence sufficient to support attempted capital murder conviction where defendant turned his vehicle toward a police officer, who was riding a motorcycle, and accelerated rapidly). The Court noted in Coles that "'[a] motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife.'" Coles, 270 Va. at 590, 621 S.E.2d at 111 (quoting Essex v. Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984)).

The evidence demonstrated appellant stopped his vehicle about 100 yards after Bowen activated his emergency equipment. Bowen approached appellant's vehicle, stood beside it, and tapped on the window twice to get appellant's attention. Appellant admitted that he looked in his mirrors and knew the officer was approaching. Appellant placed his hands on the steering wheel and turned the vehicle sharply to the left. Crossing over two lanes of traffic, appellant sped away. Bowen was forced to jump back and push off the vehicle to avoid being struck. Had

appellant intended only to escape, he could have driven away in the turn lane without turning the car in Bowen's direction.

Considering all the facts and circumstances, the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed the intent to kill Bowen by striking him with a motor vehicle. Thus, the trial court did not err in finding appellant guilty of attempted murder.

<u>CONCLUSION</u>

For the foregoing reasons, we affirm the conviction but remand the proceedings to the trial court for resentencing consistent with this opinion.

<u>Affirmed and remanded.</u>

Haley, J., dissenting.

I respectfully dissent.

The sole issue for resolution is whether the evidence suffices to demonstrate that appellant possessed the specific intent to kill Mark David Bowen.

Initially, it should be remembered that "while a person may be guilty of murder though there was no actual intent to kill, he cannot be guilty of an attempt to commit murder unless he has a specific intent to kill." Merritt v. Commonwealth, 164 Va. 653, 660, 180 S.E. 395, 398 (1935). Where "an indictment charges an offense which consists of an act combined with a particular intent, proof of the intent is essential to conviction." Patterson v. Commonwealth, 215 Va. 698, 699, 213 S.E.2d 752, 753 (1975). And, as this Court held in Maynard v. Commonwealth, 11 Va. App. 437, 452, 399 S.E.2d 635, 644 (1990) (*en banc*) (citation omitted), "Although the Commonwealth may prove by circumstantial evidence the specific intent . . . that proof must be . . . beyond a reasonable doubt." Finally, "if evidence of intent is wholly circumstantial 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 383 (1984) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)).

As relevant to specific intent, Officer Bowen testified that appellant "pulled off to the right shoulder of the road . . . like a turn lane to go off to one of the side streets . . . ." Officer Bowen parked his vehicle at an angle behind appellant's. Officer Bowen approached and tapped on appellant's raised car window as appellant was talking on his cell phone. There is no evidence appellant looked directly at Bowen. There is no evidence that appellant made any gestures toward or said anything to Bowen. Appellant placed his hand on the steering wheel and accelerated on an angle to the left, from the shoulder (or turn lane) onto the through lanes.

Officer Bowen testified he "had to push off the back of the car so his back wheels didn't run over my feet."

Testifying on his own behalf, appellant stated that he had stopped "on the shoulder," that he "panicked" because he had not done "his weekend time" for a DUI conviction, and that after stopping, he pulled off into "the first lane that there was." He denied he had any "intention to try to strike" Officer Bowen.

These facts are to be contrasted with other cases in which "[a] motor vehicle, wrongfully used, can be a weapon as deadly as a gun or a knife." Coles v. Commonwealth, 270 Va. 585, 590, 621 S.E.2d 109, 111 (2005) (quoting Essex v. Commonwealth, 228 Va. 273, 281, 322 S.E.2d 216, 220 (1984)). In Coles, the Virginia Supreme Court recently affirmed a conviction of attempted capital murder of a police officer. In so doing, the majority noted that "the clear evidence [showed] that defendant . . . swerved to the left and aimed the Honda *directly toward the officer* and the police vehicle." 270 Va. at 590-91, 621 S.E.2d at 112 (emphasis added).

In Stevens v. Commonwealth, 38 Va. App. 528, 532, 567 S.E.2d 537, 541 (2002) (emphasis added), this Court affirmed a conviction for attempted capital murder of police officer Steve Hines, where the defendant was "looking right at Hines . . . *deliberately turned his car in Hines' direction* and drove toward him." Likewise, in Moudy v. Commonwealth, 28 Va. App. 702, 707, 508 S.E.2d 354, 356 (1998) (emphasis added), we affirmed an attempted murder conviction where the defendant "who saw Van de Graff blocking the only avenue of his escape, deliberately choose to accelerate his car *toward the pedestrian* . . . ." In Holley v. Commonwealth, 44 Va. App. 228, 235, 604 S.E.2d 127, 130 (2004) (emphasis added), we affirmed a conviction of attempted malicious wounding of a police officer when the evidence showed that "Holley then accelerated the van *directly toward* Officer Quiros . . . [and] *attempted to drive through*" him.

- 8 -

Each of the above cases has a common, and dispositive, fact – the defendant deliberately pointed his vehicle "*toward*" a potential victim. Here the analogy between a vehicle and a gun as a malevolent instrument is telling. In most instances, one could not be convicted of attempted murder by use of a gun unless that person at least pointed the gun toward the victim.

On point with the instant case is our decision in Haywood v. Commonwealth, 20 Va. App. 562, 458 S.E.2d 606 (1995). There, police officers had placed their vehicles in Haywood's path as roadblocks. One officer "pulled his vehicle out of the way, narrowly avoiding a collision." Id. at 564, 458 S.E.2d at 607. The second officer "stopped her vehicle in her lane of travel with the front end aimed toward the middle so that Haywood could know to stop. Again, Haywood failed to slow down and the . . . officer took evasive action to avoid being hit head-on." Id. at 565, 458 S.E.2d at 607.

The trial court found Haywood guilty of two counts of attempted capital murder of a police officer. In reversing, we stated:

> Here, while the evidence may support an hypothesis that Haywood acted with malice and intended to run over or through anyone or anything that got in his way, the Commonwealth's evidence failed to exclude another reasonable hypothesis of Haywood's acts which, if true, would exonerate him of the charges of attempted capital murder of the police officers.
>
> That Haywood, who was in trouble with the law, merely attempted to run a roadblock to avoid apprehension is a reasonable hypothesis of innocence which the Commonwealth's evidence failed to exclude. At trial, Haywood testified that he fled from the park and drove at a high rate of speed because he "was driving on a suspended driver's license and [] had been drinking and [] was in ASAP and [] owned [his] own business [] didn't want to throw it all away." There was no evidence that Haywood ever swerved or aimed his truck to hit the police cars when they pulled out of his path or that he turned his truck around in an attempt to hit the police cars after passing by them.
>
> . . . Thus, because the Commonwealth presented no direct evidence that Haywood in running the road blocks intended to murder the police officers and because its circumstantial evidence

did not exclude a reasonable hypothesis of innocence, we reverse Haywood's convictions.

Id. at 567-68, 458 S.E.2d at 608-09.

In the instant case, the evidence is similarly insufficient to show a specific intent to kill. In Haywood, the defendant, like appellant in this matter, was already "in trouble with the law." Haywood attempted to run a roadblock, and while perhaps he "intended to run over or through anyone or anything that got in his way," this Court held that such an intent did not suffice for the specific intent to kill a police officer. Id. at 567, 458 S.E.2d at 608. Here, appellant turned his vehicle to the left, as was necessary to return to the through lanes, while the officer was standing beside his car. When the appellant did so, Officer Bowen testified that he had to "push off the back of the car so his *back wheels* didn't run over my feet."

The Commonwealth's evidence cannot exclude the hypothesis that appellant's intent was only to avoid arrest, like Haywood, rather than to kill the officer. Appellant merely drove his car back onto the through lanes of the road. He did not drive through a roadblock, nor did he aim his car "toward" the officer. Here, given Officer Bowen's position beside and behind appellant's vehicle, appellant could not have even intended to run over Bowen for being in his way. Certainly, the facts here are less egregious than those in Haywood. Thus, this is a circumstance which is not "inconsistent with innocence," and the Commonwealth did not exclude the "reasonable hypothesis" that appellant simply wanted to flee.

Accordingly, I would reverse appellant's conviction of attempted murder as the evidence is insufficient to demonstrate appellant possessed the specific intent to kill Officer Bowen.