COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:    Chief Judge Huff,[*] Judges Alston and Chafin
Argued by teleconference

ROBERT E. ROY

v.        Record No. 1827-13-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[**] BY
JUDGE ROSSIE D. ALSTON, JR.
JANUARY 20, 2015

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
J. Howe Brown, Judge Designate

D. Burke Walker (The Walker Law Firm, PLC, on brief), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Robert E. Roy (appellant) appeals his sentence for his conviction of murder in the second

degree in violation of Code § 18.2-32. On appeal, appellant argues that the trial court erred "in

sentencing [appellant] to an indefinite period of probation for committing a crime that has a

maximum statutory penalty of 40 years." Finding no error in the trial court's sentencing, we

affirm.

I.  Background[1]

The evidence indicated that on May 21, 2001, Patrick Hornbaker was shot and killed in

his home during a robbery. On November 10, 2008, appellant was indicted on four felony

---

[*]On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

[**]Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are fully conversant with the record in this case and because this
memorandum opinion carries no precedential value, this opinion recites only those facts and
incidents of the proceedings as are necessary to the parties' understanding of the disposition of this
appeal.

charges including robbery, breaking and entering, use of a firearm in the commission of a felony, and capital murder of Patrick Hornbaker on or about May 21, 2001. On January 31, 2012, appellant entered into a plea agreement pursuant to Rule 3A:8(B) whereby he pled guilty to the amended charge of murder in the second degree in violation of Code § 18.2-32 and in exchange for the plea, the three remaining charges would be subject to *nolle prosequi*.[2] The trial court accepted appellant's plea and entered an order finding him guilty of murder in the second degree on February 3, 2012. At the sentencing hearing on July 31, 2013, appellant testified and blamed his actions on his drug addiction and stated that the victim was a drug dealer and that appellant never intended to shoot him to death. At the conclusion of the sentencing hearing, the trial court stated that "[appellant] demonizes the victim, the decedent, and he victimizes himself" and thereafter sentenced appellant to forty years' incarceration with thirteen years suspended. In addition, on the trial record, the trial court conditioned appellant's suspended sentence of thirteen years on appellant's good behavior and supervised probation post-incarceration for life. The sentencing order entered on August 21, 2013, specified that both conditions were imposed for an "indefinite period of time [post-incarceration]." This appeal followed.

## II. Analysis

"The determination of sentencing lies within the sound discretion of the trial court." Martin v. Commonwealth, 274 Va. 733, 735, 652 S.E.2d 109, 111 (2007) (citation omitted). Because appellant did not object to the conditions placed on his suspended sentence before the trial court, made no motion within twenty-one days of sentencing that the provisions be vacated, and since he does not now contest that his guilty plea was voluntarily entered, appellant "cannot

---

[2] Apparently appellant and an accomplice had been committing various robberies and murders in Virginia and West Virginia until they were caught in West Virginia in 2003 after one of the victims managed to call 911. Appellant had been incarcerated in West Virginia until he was transferred to Virginia at an unknown time (presumably around November 2008 when he was indicted on the present charges).

prevail on appeal unless the trial court either lacked jurisdiction or imposed a sentence greater than that authorized by law." Simmers v. Commonwealth, 11 Va. App. 375, 377, 398 S.E.2d 693, 694 (1990) (citation omitted).

Trial courts traverse through several code sections when determining appropriate sentences for convicted defendants. Trial courts have the discretion to "suspend imposition of [a] sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine . . . ." Code § 19.2-303. "'The only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be 'reasonable.'" Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999) (quoting Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952)). When suspending a portion of a sentence, a trial court "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, *without* regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-303.1 (emphasis added). Code 19.2-306 guides trial courts when dealing with revocation of a suspended sentence and provides in part that "[i]f neither a probation period nor a period of suspension was fixed by the court, then the court may revoke the suspension for any cause the court deems sufficient that occurred within the maximum period for which the defendant might originally have been sentenced to be imprisoned."

Appellant argues that the trial court lacked authority to impose a condition of indefinite probation and good behavior on his suspended sentence because the condition violated Code § 19.2-306. Further, appellant argues that by imposing an indefinite period of probation and good behavior on his suspended sentence, the trial court sentenced him beyond the maximum allowable forty-year sentence for his conviction, thereby rendering the sentencing order void.

Appellant contends that Code § 19.2-306 requires the condition be limited to the forty-year maximum sentence for appellant's conviction. We disagree with appellant.

In fact, contrary to appellant's argument, indefinite periods of probation and good behavior conditions do not conflict with Code § 19.2-306. Further, by imposing conditions of indefinite supervised probation and good behavior on appellant's suspended sentence, the trial court did not exceed the maximum sentence for appellant's conviction. Appellant's argument confuses the trial court's authority in fashioning a sentence with the trial court's authority in placing conditions upon suspended sentences. The Simmers case and Code § 19.2-303.1 more appropriately focus our analysis.[3]

---

[3] The cases relied upon by appellant are either inapplicable to the facts of this case or support the trial court's conditions of suspension. Hartless dealt with the practical requirement that a period of probation coincide with a term of a suspended sentence for enforceability purposes. 29 Va. App. at 175, 510 S.E.2d at 740. In the present case, both appellant's sentence suspension and probation are to extend for an "indefinite period of time" and therefore, the concern in Hartless is not present in this case.

In Lathram v. Commonwealth, Record No. 0155-05-4, 2006 Va. App. LEXIS 168 (Va. Ct. App. May 2, 2006), the defendant could have been sentenced for up to 105 years; however the trial court sentenced him to sixty-five years' incarceration with thirty-five years suspended, conditioned on good behavior and probation for life. The Court noted that, just as in the present case, the trial court was only limited to placing "reasonable" conditions on the suspension of defendant's sentence and therefore, the trial court did not abuse its discretion in imposing lifetime probation when defendant faced a maximum sentence of 105 years for multiple convictions. Id. at *5-6.

Finally, Cherry v. Commonwealth, Record No. 0468-00-1, 2001 Va. App. LEXIS 198 (Va. Ct. App. Apr. 17, 2001), does not affect our analysis in this case. In Cherry, the defendant was sentenced for robbery and a portion of his sentence was suspended on conditions of indefinite good behavior and probation. Id. at *1-2. The maximum sentence defendant faced was life in prison. Relying on Code §§ 19.2-303.1 and 19.2-303, the Court held that "The trial court did not impose a period of suspension or probation that exceeded the maximum sentence authorized. An indefinite period was reasonable given the gravity of the offense, robbery. The sentencing order is not void." Id. at *4. While the Cherry Court referenced that an indefinite period of suspension could not exceed the maximum possible sentence of life in prison, we agree with the Commonwealth that Cherry cannot be read to limit the available period of suspension when Code § 19.2-303.1 plainly authorizes a trial court to fix a period of suspension for a reasonable period of time "without regard to the maximum period for which the defendant might have been sentenced."

The maximum sentence for appellant's second-degree murder conviction was forty years' incarceration.  See Code § 18.2-32 ("All murder other than capital murder and murder in the first degree is murder of the second degree and is punishable by confinement in a state correctional facility for not less than five nor more than forty years.").  The trial court sentenced appellant to forty years' incarceration with thirteen years suspended, conditioned in part on probation and good behavior for an indefinite period after appellant's release from incarceration.  Thus, appellant's *sentence* did not exceed the statutory maximum for the offense of which he was convicted.[4]

In Simmers, the defendant pled guilty to driving under the influence and leaving the scene of an accident and was sentenced to twelve months in jail and a $1,000 fine on the DUI charge.  11 Va. App. at 376, 398 S.E.2d at 693.  On the leaving the scene charge, the trial court sentenced defendant to five years' incarceration but suspended the sentence on several conditions including that he not drive a motor vehicle for twenty years.  Id.  Defendant did not object to the conditions of his suspended time before the trial court, served his jail time, and complied with all other conditions of his sentence.  Id. at 376-77, 398 S.E.2d at 693-94.  Over three years after sentencing, defendant filed a motion to vacate the portion of the sentencing order that prohibited him from driving for twenty years, arguing that the trial court lacked the authority to impose a condition on his suspended sentence or probation for a period of time in excess of his probation period.  Id. at 377, 398 S.E.2d at 694.  On appeal, the Court stated:

> We also do not agree with [defendant's] contention that the court
> could not impose conditions on the suspended sentence that would
> last beyond the maximum period to which he might have been

---

[4] This is where appellant's reliance on Nesbit v. Commonwealth, 15 Va. App. 391, 424 S.E.2d 239 (1992), is misplaced.  Defendant's *sentence* in Nesbit exceeded the statutory maximum.  Id. at 394, 424 S.E.2d at 240 (defendant sentenced to thirty days in jail for a Class 4 misdemeanor, which carried a maximum punishment of a fine of not more than $250).  Therefore, Nesbit is inapplicable to the present case.

sentenced. Code § 19.2-303.1 specifically provides for the suspension of execution of a sentence without regard to the maximum period to which the defendant might have been sentenced.

Id. at 377-78, 398 S.E.2d at 694. The Court did recognize however that "the court's authority to suspend execution is not absolute. The legislature has authorized suspension 'for a reasonable time, having due regard to the gravity of the offense.'" Id. at 378, 398 S.E.2d at 694. However, the Court disagreed with defendant's argument that the twenty-year prohibition on driving was unreasonable and beyond the trial court's authority. Id. at 379, 398 S.E.2d at 695. Finally, the trial court's order was not void because "the court had jurisdiction over the subject matter and the parties[,]" and therefore, defendant could not collaterally attack it. Id. (citing Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); Royster v. Smith, 195 Va. 228, 236, 77 S.E.2d 855, 859 (1953)). Accordingly, the Court affirmed the trial court. Id.

Similarly in the present case, once the trial court decided to suspend a portion of appellant's sentence, it was only bound by the limitations set forth in Code §§ 19.2-303.1 and 19.2-303 that the period of suspension be fixed for a "reasonable time with due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced[,]" and that the conditions of the suspended sentence be reasonable, respectively. See Hartless, 29 Va. App. at 175, 510 S.E.2d at 739 ("'The only limitation placed upon the discretion of the trial court in its determination of what conditions are imposed is that a condition be 'reasonable.'" (quoting Dyke, 193 Va. at 484, 69 S.E.2d at 486)). We find that the trial court gave due regard to the gravity of the offense - second-degree murder - and that the conditions it imposed upon appellant's suspended sentence were reasonable. Further, the sentencing order was not void as the trial court had subject matter jurisdiction over the matter

and the parties.  See Simmers, 11 Va. App. at 379, 398 S.E.2d at 695; Rook, 233 Va. at 95, 353 S.E.2d at 758; Royster, 195 Va. at 236, 77 S.E.2d at 859.

For these reasons, we hold that the trial court did not err in conditioning appellant's suspended sentence on indefinite periods of good behavior and supervised probation.

Affirmed.