Raymond Earl STOKES, Petitioner,

v.

A. E. SLAYTON, Superintendent, Virginia
State Penitentiary, Respondent.

Civ. A. Nos. 71-C-47-L, 72-C-2-L.

United States District Court,
W. D. Virginia,
Lynchburg Division.

March 23, 1972.

Gilbert W. Haith, Asst. Atty. Gen.,
Richmond, Va., for respondent.

OPINION AND JUDGMENT

DALTON, District Judge.

This case comes before the court upon petitions for a writ of habeas corpus filed *in forma pauperis* by Raymond Earl Stokes, a state prisoner, pursuant to 28 U.S.C. § 2241. Stokes originally filed both petitions, one on November 4, 1971, and the other on December 8, 1971, in the United States District Court for the Eastern District of Virginia. The petitions were ordered transferred to this court and, because they raised common issues of law and fact, they have been consolidated for consideration.

Petitioner was convicted of malicious vounding in the Corporation Court of the City of Lynchburg on June 11, 1969, and sentenced to a ten year term in the Virginia State Penitentiary. At trial

petitioner, represented by court-appointed counsel, entered a plea of guilty and was tried by the court without a jury. He did not appeal the conviction and sentence.

In these petitions, Stokes alleges several grounds for relief: 1) Counsel was ineffective; 2) the trial judge exhibited prejudice towards petitioner; 3) he was not allowed to submit to a polygraph test nor to a mental examination; 4) he was denied the right to obtain favorable witnesses; and 5) the police did not advise him of his rights prior to interrogation.

Stokes filed a habeas corpus petition in the Lynchburg Corporation Court, in which he presented claims identical to the first and fourth claims presented here. After a plenary hearing, the petition was dismissed by the Corporation Court, and that judgment was affirmed on appeal by the Virginia Supreme Court on April 27, 1971. Having presented the first and fourth allegations to the state's highest court, petitioner has exhausted his available state remedies in compliance with the provisions of 28 U.S.C. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). The court will not now consider the remaining allegations of the petition.

Petitioner claims that counsel was ineffective for his failure to advise petitioner of the consequences of a plea of guilty, for his failure to appeal the conviction, as requested, and because he advised petitioner at trial to plead guilty to the charge. The proper inquiry, and to which these claims are closely related, is whether petitioner entered a free and intelligent plea of guilty. Before accepting the tendered plea, the trial court conducted a searching inquiry, partially reproduced here, to determine its voluntariness:

Q: (By The Court): Please state your name.

A: (By Defendant Stokes): Raymond Earl Stokes.

Q: How old are you?

A: 38.

Q: You are the defendant in this case in which an indictment is going to be read shortly charging you with malicious wounding. You understand you have a right to plead guilty to this indictment and the Court will try you without the intervention of a jury and you can serve from 1 to 20 years upon a plea of guilty. You also have a right to plead not guilty. If you plead not guilty the jury will try you and pass upon your innocence or guilt and if they find you guilty the jury will fix your punishment. You understand that?

A: Yes, sir.

Q: You have talked to your attorney, Mr. Hester, concerning this case, I believe, have you not?

A: Yes, sir.

Q: Have you talked to him about whether or not you want to have a jury trial in this case or not?

A: Yes, sir.

Q: Do you have any complaint concerning Mr. Hester, your court-appointed attorney in this?

A: No, sir.

Q: Do you have any witnesses you want to testify in your behalf who are not here today?

A: I don't, no, sir, but Mrs. Ward is here and Mr. Murphy.

Q: Do you have any complaint with anyone connected with law enforcement since you have been arrested and charged with this offense?

A: No, sir.

Q: Do you understand all of the questions I have asked you now?

A: Yes, sir.

Q: Are you ready to enter a plea to the indictment which will be read to you of your own free will?

A: Yes, sir.

The judgment order of the court states that the plea of guilty was entered knowingly and voluntarily upon the advice of counsel, and the court opined

that petitioner understood the nature and consequences of the plea.

At the state habeas corpus hearing, Mr. Morris H. Hester, petitioner's trial counsel, testified that upon his own investigation and after conferences with petitioner he was fully aware of the circumstances of the case. He also discussed with petitioner the efficacy of a jury trial, advising petitioner that a jury would likely impose a sentence close to the twenty year maximum. Counsel further informed petitioner that the commonwealth attorney would recommend a ten year sentence upon a guilty plea, but that the recommendation was not binding upon the court. He did not discuss lesser offenses with petitioner because he opined that the prosecution would have little trouble proving each element of the offense charged.

■ Stokes claims that it was error for the trial court to phrase its inquiry as a narrative statement and that neither the court nor counsel informed him that he could be tried by the court without a jury upon a plea of not guilty. That the court so phrased its inquiry is not sufficient to render the plea invalid. From the record it is clear that petitioner understood his right to trial by jury, the nature of the charge and the punishment he could receive upon a conviction. The court notes also that petitioner was no stranger to the judicial process in general and to the Lynchburg Corporation Court in particular, since he had been previously tried and convicted there upon an earlier charge of malicious wounding.

■■ Nor is it fatal to the plea that petitioner was not informed that he could be tried by the court without a jury with the consent of the court and the commonwealth's attorney. Although the rule announced in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), which requires an affirmative showing in the record that a guilty plea is entered freely and intelli-

gently, applies to this case, the court is nevertheless unable to find from the decisions what the minimum constitutionally acceptable level of inquiry is. It is clear, however, that no particular ritual is required in order for the trial court to determine whether the plea is made voluntarily and with the understanding of its nature and consequences. Jenkins v. United States, 420 F.2d 433 (10th Cir.1970). The court notes that in the form of inquiry recently established by the Virginia Supreme Court,[1] there is no language requiring or even suggesting that a trial court must cover in its inquiry the particular right of which petitioner alleges he should have been informed. Because of this, and the clear indication that the trial court did in fact generally comply with the Virginia Supreme Court's form of inquiry, it is the opinion of this court that the plea was entered freely and voluntarily. That the plea was also entered upon the advice of counsel does not alter this conclusion. St. Clair v. Cox, 312 F.Supp. 168 (W.D. Va.1970).

■ Petitioner's claim that he was denied his right to obtain favorable witnesses clearly lacks merit. By petitioner's own admission at trial, the witnesses he called were in the court. Moreover, counsel testified at the state hearing that any other witnesses that petitioner suggested to him could have testified only to the character of the relationship he previously had with the prosecutrix and not to the immediate events surrounding the shooting itself. Finally, the right to compel the attendance of witnesses at trial is waived by a valid plea of guilty. Boykin v. Alabama, *supra*.

■ Similarly, petitioner's claim that he was denied his right to appeal has no merit. An appeal does not lie from a conviction entered upon a valid plea of guilty, unless the trial court either lacked jurisdiction or imposed a sentence which exceeds that authorized by law.

1. Rule 3A:11, App. Form 8, Rules of the Virginia Supreme Court (effective January 1, 1972).

Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969). The court can find no hint of either defect here.

In light of the above, it is ordered that the petitions for a writ of habeas corpus be dismissed and the relief denied. If he is so advised, petitioner may refile in this court the claims not adjudicated hereafter he has properly exhausted his available state remedies.