**Alexandria**

ROGER OLIVER SIMMERS

v.

COMMONWEALTH OF VIRGINIA

No. 0442-89-4

Decided December 4, 1990

Counsel

Arlene Lyles Pripeton (Emilia Castillo, on briefs), for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**DUFF, J.**—In June 1985, Roger Oliver Simmers was convicted of leaving the scene of an accident. On appeal, he contends that the trial court erred in refusing to vacate its sentencing order which suspended his penitentiary sentence on the condition that he not drive a motor vehicle for twenty years. We affirm.

Simmers was indicted for voluntary manslaughter and leaving the scene of an accident, based on his involvement in an automobile accident in which two persons were seriously injured, one of whom subsequently died. The manslaughter count was amended at trial to driving under the influence. Simmers entered pleas of guilty to both counts of the amended indictment. The trial court sentenced him to twelve months in jail and a $1000 fine on the driving under the influence charge. On the charge of leaving the scene of an accident, the court imposed a sentence of five years in the penitentiary but suspended this sentence upon the following conditions: (1) that the defendant be of good behavior, (2) that he be on active probation for a period of two years, (3) that he undergo substance abuse and mental health evaluation, (4) that he enter and complete programs recommended as a result of the evaluations and (5) that he not drive a motor vehicle for a period of twenty years. Simmers served his time in jail and remained on supervised probation for two years during which time he under-

went all court-ordered evaluations and followed all recommended treatment plans.

■ At sentencing, Simmers did not object to the conditions placed on his suspended sentence. Further, he made no motion within twenty-one days of sentencing that the provisions be vacated, nor did he note an appeal from the decision of the trial court. Since he does not contest that his plea was voluntarily entered, he cannot prevail on appeal unless the trial court either lacked jurisdiction or imposed a sentence greater than that authorized by law. *See Stokes v. Slayton*, 340 F. Supp. 190, 192-93 (W.D. Va. 1972), *aff'd*, 473 F.2d 906 (4th Cir. 1973).

On February 23, 1989, over three years after sentencing, Simmers filed his motion to vacate that portion of the trial court's sentencing order which prohibited him from driving for twenty years. The basis of the motion was that the court lacked the authority to impose any condition on the suspended sentence or probation for a period of time in excess of his probation period and that revoking his privilege to operate a motor vehicle exceeded the court's authority. The motion was denied by a letter from the court on February 28, 1989, noting that the prohibition against driving was not part of the sentence but was instead a condition of the suspension of the sentence. This appeal followed.

A careful reading of the sentencing order discloses that the twenty-year prohibition against driving was not a condition of active, supervised probation as Simmers contends. The probation lasted for two years; the prohibition on driving exists for twenty years. Furthermore, the language of the order clearly discloses the court's intent. After imposing a five-year penitentiary sentence, the order stated: "[I]t appearing compatible with the public interest to do so, the court doth now suspend all of the said sentence conditioned upon . . . that he not drive a motor vehicle for a period of twenty years." Another, and separate, condition of the suspension was that Simmers be on active probation for a period of two years. However, the prohibition against driving was clearly a condition of the suspension of the five-year penitentiary sentence.

■ We also do not agree with Simmers' contention that the court could not impose conditions on the suspended sentence that would last beyond the maximum period to which he might have

been sentenced. Code § 19.2-303.1[1] specifically provides for the suspension of execution of a sentence without regard to the maximum period to which the defendant might have been sentenced.

■ However, the court's authority to suspend execution is not absolute. The legislature has authorized suspension "for a reasonable time, having due regard to the gravity of the offense." Simmers contends that a twenty-year prohibition was unreasonable and, thus, without the court's authority to impose. We disagree.

■ The express provisions of Code § 19.2-303.1 allow a trial court to suspend the execution of a sentence without regard to the maximum period for which a defendant might have been sentenced, *"having due regard to the gravity of the offense."* Thus, the court must consider that the facts surrounding a particular offense may well authorize, even require, a longer suspension than would be reasonable under less egregious circumstances. We turn to the record to determine what facts and circumstances were before the trial judge at the time of sentencing which would throw light on the "gravity of the offense."

The record contains evidence that on the evening of the accident, Simmers was operating a vehicle while intoxicated. Moreover, the evidence disclosed that Simmers accelerated well over the speed limit while on Rosedown Drive in Fairfax County and ran through a stop sign at the intersection of Rosedown and Kingslake Drive, striking another vehicle in the intersection. That vehicle contained two occupants, both of whom were ejected through the windshield by the force of the impact, one of whom, Lisa Bates, subsequently died. After the collision, Simmers was seen running from the scene of the accident, but subsequently was apprehended at the house of his girlfriend.

Due to the massive head injuries suffered by Lisa Bates, immediate identification could not be made. Upon her arrival at the emergency room, she was pronounced dead and identification was made through her high school class ring and yearbook.

---

[1] § 19.2-303.1 Fixing period of suspension of sentence. In any case where a court suspends the imposition or execution of a sentence, it may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced.

At sentencing, the court received information regarding the defendant's driving record, which showed prior offenses of speeding, defective equipment, failure to maintain control, reckless driving and running a red light. Numerous letters were received attesting to the impact of the death of Lisa Bates upon her family, friends, and the community at large. These were all factors which entered into the "gravity of the offense" and were properly considered by the trial judge. The court could well have concluded that Simmers did not require a lengthy stay in the penitentiary but that his poor record of operation of motor vehicles required a lengthy prohibition from driving. This was an exercise of discretionary authority on the part of the trial judge and we cannot say, based on the record before us, that the twenty-year prohibition represented an abuse of discretion.

Furthermore, the court had jurisdiction over the subject matter and the parties; thus, the court's judgment was not void. *See Rook v. Rook*, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987); *Royster v. Smith*, 195 Va. 228, 236, 77 S.E.2d 855, 859 (1953). When the trial court rendered judgment, Simmers had two options available to him. He had twenty-one days from the date of the order to attack it in the trial court, or he could have timely petitioned this Court for an appeal. He did neither, but instead accepted the benefit of the court's suspension of sentence. Since the judgement of the trial court was not void, Simmers may not sustain a collateral attack at this date.

For these reasons, the order appealed from is

*Affirmed.*

Koontz, C.J., and Keenan, J., concurred.