COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Overton
Argued at Chesapeake, Virginia


RICHARD ALBERT PAYNE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1759-01-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                        AUGUST 20, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

              Charles E. Haden (Stuart A. Saunders;
              Stuart A. Saunders, P.C., on briefs), for
              appellant.

              Virginia B. Theisen, Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on briefs), for appellee.


     Richard Albert Payne (appellant) was convicted of seventeen

counts of forgery on August 31, 1992 and received twenty-six

years of suspended incarceration.  On June 7, 2001, the trial

court revoked the suspended sentences and imposed the entire

twenty-six years.  The sole issue on appeal is whether the trial

court abused its discretion by revoking the entirety of

appellant's suspended sentences.  For the following reasons, we

reverse and remand for re-sentencing.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

I.  BACKGROUND

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, the prevailing party below, granting to it all reasonable inferences fairly deducible therefrom.  See Juares v. Commonwealth, 26 Va. App. 154, 156, 493 S.E.2d 677, 678 (1997).

The evidence is not disputed.  On August 31, 1992, appellant pled guilty to seventeen counts of forgery.  On December 4, 1992, the Circuit Court of the City of Newport News sentenced appellant to ten years on one count and one year each on the other sixteen counts.  The trial judge suspended all of the time imposed on the condition that appellant be of good behavior for twenty years, complete two years of supervised probation, complete the Youth Challenge Program, and make restitution in the amount of $3,796, in $100 monthly payments, to Central Fidelity Bank.  The sentencing orders provided that the "sentences will run concurrently unless revoked at which time they will run consecutively."[1]

_____

[1] We are unable to address the propriety of the sentencing order which stated that the "sentences will run concurrently unless revoked at which time they will run consecutively" because this issue is not properly before us.  Appellant did not file a direct appeal of this issue, and the sentencing orders are merely voidable, rather than void.  Thus, he may not collaterally attack the sentencing orders at this date.  See Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990) (holding that no collateral attack was allowed where the trial court, which had jurisdiction over the subject matter

- 2 -

At a June 7, 2001 revocation hearing, appellant admitted to entering an _Alford_ plea resulting in a new conviction of grand larceny. Probation Officer Renee Stewart (Stewart) testified that appellant was "basically a restitution case" who had been an excellent probationer and reported as required for seven years. However, he failed to report on two occasions after Stewart became his probation officer on July 25, 2000 and had not paid all of the restitution he owed. Stewart acknowledged that appellant was required to pay restitution to two other jurisdictions and stated that she believed he had paid those restitutions. Neither the two failures to report nor the continuing restitution requirement prompted a revocation hearing until the new conviction occurred.

Appellant testified that his new conviction arose from an incident at a Wal-Mart. Appellant claimed that he had not stolen the property, but entered an _Alford_ plea on the advice of his lawyer who told him that "I was a convicted felon. It was going to be my word against somebody else's, and I was going to lose. I told him I couldn't plead guilty because I didn't do

---

and the parties, rendered judgment and the defendant failed to attack it in the trial court within twenty-one days or timely petition for an appeal).

it, and he offered that to me."  Appellant was convicted of grand larceny and was sentenced on that charge to ten years, with nine years and two months suspended conditioned on his good behavior for twenty years and supervised probation for two years.  The sentencing guidelines for the underlying larceny called "for a midpoint of one year and five months, with a high point of two years and two months."

Appellant's evidence established he was married, did volunteer work, and was currently employed by Canon Information Technology Services, Inc.  He also presented evidence of work-related achievements and commendations he had received during his years of employment.  Appellant's wife testified that appellant had been a role model and the only father her child by a previous marriage had known.  She also stated that appellant was a good father and supported his daughter by a previous marriage, paying more than the order of support required.

Despite appellant's record of good behavior for seven years, the trial court revoked the entire twenty-six years of his suspended sentences.

## II.  ABUSE OF DISCRETION

Appellant contends the trial court erred when it imposed the entire twenty-six years of his previously suspended sentences.  Under the facts of the instant case, we agree.

Code § 19.2-306 provides, in pertinent part:

> The court may, for any cause deemed by it sufficient which occurred at any time within the probation period . . . revoke the suspension of sentence and any probation . . . whereupon, in case the imposition of sentence has been suspended, the court may pronounce whatever sentence might have been originally imposed.

In reviewing an order revoking a suspended sentence, we have previously noted that:

> Although the power of the court to revoke a suspended sentence granted by this Code section is broad, it is not without limitation.  "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause.  The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court.  Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion.'  The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'"

Duff v. Commonwealth, 16 Va. App. 293, 297, 429 S.E.2d 465, 467 (1993) (emphasis added) (citations omitted).

In sentencing, the "punishment should fit the offender and not merely the crime."  McClain v. Commonwealth, 189 Va. 847, 860, 56 S.E.2d 49, 55 (1949).

> The true objective of suspended sentencing is to rehabilitate and to encourage a convicted defendant to be of good behavior.  To accomplish this it is necessary that good conduct be rewarded.  It is important that a defendant know that good conduct on his part

> will expedite his complete restoration to
> society.

Hamilton v. Commonwealth, 217 Va. 325, 328, 228 S.E.2d 555, 556-57 (1976).  See also Woosley v. United States, 478 F.2d 139, 143-44 (8th Cir. 1973) (holding that mechanical sentencing is not appropriate because sound discretion requires consideration of all the circumstances of the crime and the sentencing judge is authorized, if not required, to consider all of the mitigating circumstances involved because sentences must be tailored to fit the offender); United States v. Mooney, 654 F.2d 482, 487 (7th Cir. 1981) (holding that where a court follows a purely mechanical policy of sentencing defendants to maximum terms with no consideration for individual circumstances, it abdicates its responsibility to exercise its discretion).

Thus, the imposition of twenty-six years, the entire amount of appellant's suspended time, for a larceny conviction, two missed probation meetings in seven years and failure to pay complete restitution, is disproportionate to the violations. The evidence was undisputed that appellant had done well on probation and was being "monitored" only for restitution purposes.  The imposition of this amount of incarceration for a non-violent offender reflects neither the offender nor the

crime, and fails to reflect the court gave proper consideration to the evidence presented in mitigation.[2]

We reverse and remand for re-sentencing.

<u>Reversed and remanded.</u>

---

[2] Appellant also argues first that the imposition of the twenty-six-year sentence for a non-violent shoplifting offense was so extreme and disproportionate to the offense that it constituted cruel and unusual punishment within the meaning of the Eighth Amendment.  As an additional ground he contends the trial court had a "hard and fast rule" of revoking an entire sentence whenever there has been any violation of the conditions of probation, regardless of how disproportionate the sentence was to the violated condition.  Because we reverse on other grounds, we do not address these additional contentions.