COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Felton
Argued at Salem, Virginia


PERRY SYLVESTER WRIGHT

                                        MEMORANDUM OPINION* BY
v.    Record No. 1562-01-3    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                           OCTOBER 29, 2002
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                     James F. Ingram, Judge Designate

               Joseph R. Winston, Special Appellate Counsel
               (Public Defender Commission, on briefs), for
               appellant.

               Jennifer R. Franklin, Assistant Attorney
               General (Jerry W. Kilgore, Attorney General,
               on brief), for appellee.


     On June 1, 2001, the trial court revoked a portion of Perry

Sylvester Wright's (appellant) suspended sentences for two prior

convictions because he violated his probation requirement of "good

behavior."  Appellant contends that the trial court erred in

computing the time available for revocation.  We agree that the

trial court made a clerical error and remand for a correction

pursuant to Code § 8.01-428.

     On March 2, 2001, appellant was convicted of unlawful

wounding.  Pursuant to this conviction, the Commonwealth sought

revocation of two previously suspended sentences for a 1987

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

arson conviction and a 1989 malicious wounding conviction.  On June 1, 2001 the trial court imposed a combined fifteen-year sentence for both offenses, with fifteen years suspended and one year eight months to serve.  Appellant contends that this order failed to give him proper credit for time he had already served on several earlier revocations.[1]

At oral argument, counsel for appellant and the Commonwealth conceded that the remaining sentence available for revocation at the time of the June 1, 2001 hearing was thirteen years, four months rather than fifteen years as stated in the final revocation order.  Once the trial court imposed the one year eight month sentence, the total time available for further suspension was eleven years, eight months.  Accordingly, we remand the case to the trial court for entry of a new sentencing order pursuant to Code § 8.01-428 to correct the clerical error in the June 1, 2001 sentencing order.

<u>Affirmed and remanded for entry of a corrected final order.</u>

---

[1] While we do not address the propriety of combining two separate cases for sentencing, appellant's contention that the trial court erred by imposing a combined sentence as to both offenses is barred by Rule 5A:18.  We note that no objection was made to combining the revocation time on the arson and malicious wounding convictions at an earlier November 2000 revocation hearing nor at the June 1, 2001 hearing.  Thus the combined sentence is now the law of the case.  <u>See also</u> Rule 1:1; <u>Simmers v. Commonwealth</u>, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990) (defendant may not collaterally attack a voidable sentencing order after twenty-one days).

-