COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Fitzpatrick, Judges Benton and McClanahan
Argued at Alexandria, Virginia


RICKY DONNELL NELSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2059-02-4                      JUDGE JAMES W. BENTON, JR.
                                                    JUNE 1, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
James Howe Brown, Jr., Judge Designate

Mark S. Thrash for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        The trial judge convicted Ricky Donnell Nelson of driving a motor vehicle while having the

status of an habitual offender, as a second or subsequent offense.  Code § 46.2-357.  Nelson

contends the trial judge abused his discretion by ordering, as a condition of probation, that Nelson

not operate a motor vehicle for twenty years.  We affirm the conviction.

                                                    I.

        Invoking North Carolina v. Alford, 400 U.S. 25 (1970), Nelson pled guilty to an indictment

charging that he drove a motor vehicle while having the status of an habitual offender, as a second

or subsequent offense.  The trial judge found that the plea was knowing, intelligent, and voluntary,

and the judge accepted the plea.  Following a proffer of the evidence concerning the offense, the

trial judge convicted Nelson and agreed, at Nelson's request, to sentence him without the benefit of

a pre-sentence report.  Before imposing a sentence, the trial judge considered several documents,

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

including Nelson's criminal record, Nelson's driving record, and a pending criminal complaint charging Nelson with another offense of driving while having the status of an habitual offender. The trial judge sentenced Nelson to five years in prison and suspended three years and six months of the sentence for a period of twenty years. Among the conditions of the suspended sentence, the trial judge ordered Nelson not to operate a motor vehicle during the twenty year period of suspension.

## II.

Nelson contends that the trial judge abused his discretion in ordering, as a condition of probation, that he not operate a motor vehicle for twenty years. Conceding that he failed to object at the hearing to the sentencing order, Nelson argues that we should address his claim under the ends of justice exception to Rule 5A:18.

As Nelson acknowledges, Rule 5A:18 bars our review on appeal of issues to which he failed to lodge an objection at trial. This procedural bar applies to a failure to object to a sentence rendered by the trial judge. See Brown v. Commonwealth, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989) (noting that the "purpose behind Rule 5A:18, . . . is to require that objections be promptly brought to the attention of the trial court with sufficient specificity that the alleged error [in sentencing] can be dealt with and timely addressed and corrected when necessary"). Addressing the exception to the rule, we held in Brown as follows:

> Because our function is to review the rulings of the trial court, rather than superintend the proceedings, we will notice error for which there has been no timely objection only when necessary to satisfy the ends of justice. White v. Commonwealth, 3 Va. [App.] 231, 234, 348 S.E.2d 866, 868 (1986).
>
> Whether we apply the bar of Rule 5A:18 or invoke the ends of justice exception, we must evaluate the nature and effect of the error to determine whether a clear miscarriage of justice occurred. We must determine whether the error clearly had an effect upon the outcome of the case. The error must involve substantial rights. The guilt determination phase is not the only aspect of the trial to

be reviewed. For a convicted criminal the length of sentence becomes the most important aspect of the case. Due process protections apply to sentencing.

Id. (citations omitted).

Before addressing Nelson's contention that we should disregard the lack of an objection to the sentencing order, we are faced with another equally obvious problem. The principle is well established that "[w]hen a conviction is based upon a defendant's guilty plea and the defendant receives the sentence fixed by law, 'there is nothing to appeal' absent a jurisdictional defect." Miles v. Sheriff of Va. Beach City Jail, 266 Va. 110, 114, 581 S.E.2d 191, 193 (2003) (citation omitted). Although not directly addressing this concern, Nelson's "ends of justice" argument does assert that the judge "exceeded [his] sentencing authority, rendering the sentence invalid." As we held in Nesbit v. Commonwealth, 15 Va. App. 391, 394, 424 S.E.2d 239, 240 (1992), a sentence that is fixed outside the range established by the legislature is a defect that renders the sentence invalid as to the excess. See also Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973) (holding that "[a] sentence in excess of one prescribed by law is not void *ab initio* because of the excess, but is good insofar as the power of the court extends and is invalid only as to the excess"). Nelson's argument, however, merely asserts that the condition of suspension the judge imposed is not "for a reasonable time, having due regard to the gravity of the offense." Code § 19.2-303.1. This assertion does not rise to the level of alleging a "jurisdictional defect." Miles, 266 Va. at 114, 581 S.E.2d at 193.

In any event, we note that this record fails to demonstrate a miscarriage of justice sufficient to invoke the exception to Rule 5A:18. Nelson relies upon Simmers v. Commonwealth, 11 Va. App. 375, 398 S.E.2d 693 (1990), the only decision cited in his brief, where we addressed a similar issue concerning a condition of suspension. Noting that the trial judge ordered Simmers "not [to] drive a motor vehicle for a period of twenty years" as a condition of a suspended sentence

on a voluntary manslaughter conviction, id. at 376, 398 S.E.2d at 693, we held that Code § 19.2-303.1 authorizes the trial judge to "exercise . . . discretionary authority" that cannot be overturned except upon a showing of "an abuse of discretion." Id. at 379, 398 S.E.2d at 695. We further noted that the trial judge in Simmers "received information regarding the defendant's driving record, which showed prior offenses of speeding, defective equipment, failure to maintain control, reckless driving and running a red light." Id.

This is not a case like Hartless v. Commonwealth, 29 Va. App. 172, 175, 510 S.E.2d 738, 739 (1999), where the trial judge imposed an indefinite period of probation and the specified period of the suspended sentence continued for only one year following the defendant's release from confinement. Rather, it is more akin to Simmers. The record in this case shows that Nelson has an extensive record of criminal and traffic offenses and that the trial judge reviewed Nelson's record before sentencing Nelson to prison and suspending for a period of twenty years a portion of the sentence. In view of Nelson's extensive history of criminal and traffic offenses, the record in this case patently demonstrates the trial judge did not abuse his discretion in fixing, as a condition of probation, the ban on operating a motor vehicle for twenty years.

Accordingly, we affirm the judgment.

Affirmed.