COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia


ALFONSO LOUIS HARDY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1097-13-4              JUDGE TERESA M. CHAFIN
                                                    OCTOBER 14, 2014

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
Charles S. Sharp, Judge

Timothy W. Barbrow (Law Office of Timothy Barbrow, on brief),
for appellant.

David M. Uberman, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


On May 3, 2013, the Circuit Court of Stafford County ("circuit court") revoked and

resuspended portions of Alfonso Louis Hardy's ("Hardy") suspended sentence from a prior

conviction. On appeal, Hardy contends that the circuit court lacked jurisdiction to revoke his

suspended sentence because his original term of good behavior resulting from his prior

conviction had expired. Hardy bases this argument on the proposition that a 2010 sentencing

order extending the term of his good behavior was void *ab initio*, and he collaterally attacks that

order on appeal. Assuming without deciding that the circuit court erred in the manner alleged by

Hardy, we hold that he may not collaterally attack the 2010 sentencing order.[1] Accordingly, we

affirm the circuit court's decision.

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] On appeal, the Commonwealth argues that the 2007 sentencing order actually imposed
an additional five-year term of good behavior pursuant to Wright v. Commonwealth, 32

## I. BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). The relevant evidence in the present case, however, is uncontested. On July 19, 2004, the circuit court convicted Hardy of escape without force in violation of Code § 18.2-479. Hardy received a sentence of five years in prison. The circuit court suspended four years of Hardy's sentence and conditioned that suspension on his good behavior for a period of five years commencing on his release from incarceration.

On September 7, 2007, the circuit court found that Hardy had violated the terms of his 2004 suspended sentence.[2] The circuit court revoked the suspended sentence and resuspended three years and six months of that sentence on the same terms and conditions of the original sentencing order. The circuit court did not explicitly impose an additional period of good behavior.

On June 18, 2010, the circuit court found that Hardy had violated the terms of his 2004 suspended sentence for a second time. The circuit court revoked the suspended sentence and resuspended all but thirteen months of that sentence, resulting in a remaining suspended sentence of two years and five months. The circuit court conditioned the suspension on Hardy's good behavior for a period of two years and released him from active supervised probation. Hardy did not argue that the circuit court lacked jurisdiction to revoke his suspended sentence or object to the circuit court's decision based on that ground.

_____

Va. App. 148, 526 S.E.2d 784 (2000). In light of our holding that the 2010 sentencing order was merely voidable and therefore not subject to collateral attack, we do not reach this argument.

[2] The record does not indicate the specific cause for Hardy's first and second revocations, noting only that he violated the terms and conditions of his release.

On October 9, 2012, Hardy was convicted of third offense larceny in violation of Code § 18.2-104 based on events that occurred on December 2, 2011. At the subsequent revocation hearing based on this new conviction held on May 3, 2013, Hardy argued that the circuit court lacked jurisdiction to revoke his suspended sentence. Specifically, he argued that the 2004 sentencing order imposed a good behavior period of only five years, and the 2007 sentencing order conditioned its suspension on the same conditions as the 2004 order without imposing an additional term of good behavior. Hardy contended that the period of good behavior imposed as a condition of his suspended sentence ended in 2009, and therefore, the circuit court had no jurisdiction to revoke or resuspend his sentence in 2010 or impose further conditions of suspension at that time. Accordingly, Hardy maintained that the 2010 sentencing order was void *ab initio* and that the circuit court lacked jurisdiction to revoke his sentence based on conduct occurring within the additional two-year period of good behavior imposed in that order.

The circuit court held that it lacked jurisdiction to invalidate the 2010 sentencing order and found that Hardy had violated the terms of his suspended sentence based on his new conviction. The circuit court revoked Hardy's suspended sentence, resuspended one year and eleven months of that sentence (resulting in an active sentence of six months), and conditioned the suspended sentence on an additional two-year period of good behavior. Hardy appealed the circuit court's decision.

II. ANALYSIS

On appeal, Hardy argues that the June 18, 2010 sentencing order was void *ab initio* due to the circuit court's lack of jurisdiction. Hardy concedes that he failed to raise this issue at the 2010 revocation hearing, but he contends that he may collaterally attack an order that is void *ab initio* at any time. While an order that is void *ab initio* "can be challenged at any time," an order that is merely voidable "is not subject to collateral attack." Singh v. Mooney, 261 Va. 48, 51,

541 S.E.2d 549, 551 (2001). Thus, the present case hinges on whether the 2010 sentencing order was void *ab initio* or merely voidable.

"The distinction between an action of the court that is void *ab initio* rather than merely voidable is that the former involves the underlying authority of the court to act whereas the latter involves actions taken by a court which are in error." Id. "An order 'is void if it has been procured by extrinsic or collateral fraud, or has been entered by a court that did not have jurisdiction over the subject matter or the parties.'"[3] Wright v. Commonwealth, 52 Va. App. 690, 704, 667 S.E.2d 787, 793-94 (2008) (*en banc*) (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998)).

> In contrast, an order is voidable if its issuance was reversible error but was within the court's jurisdiction to enter. A court has jurisdiction to err, as well as to correctly decide the issues presented in a case, and the remedy to correct an error by a trial court is to appeal the court's decision upon entry of a final order, not to collaterally attack the erroneous decision in a separate action.

Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008) (citations omitted); see also Singh, 261 Va. at 52, 541 S.E.2d at 551 ("[a]n order is merely voidable if it contains reversible error made by the trial court").

Subject matter jurisdiction is often the crucial element in determining whether an order is void *ab initio* or merely voidable. Unlike other jurisdictional elements, "[s]ubject matter jurisdiction alone cannot be waived or conferred on the court by agreement of the parties." Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 426 (2008) (quoting Morrison v. Bestler, 239 Va. 166, 169-70, 387 S.E.2d 753, 755-56 (1990)). "[A]n order issued by a court without subject matter jurisdiction is, in the eyes of the law, no order at all. It is void *ab initio*

---

[3] Hardy does not contend that the 2010 order was procured by extrinsic or collateral fraud.

-4-

[and] a complete nullity. As such, it can be 'impeached directly or collaterally by all persons, anywhere, at any time, or in any manner." De Avies v. De Avies, 42 Va. App. 342, 346, 592 S.E.2d 351, 353 (2004) (*en banc*) (internal quotations omitted). "'In contrast, defects in the other jurisdictional elements generally will be considered waived unless raised in the pleadings filed with the trial court and properly preserved on appeal.'" Porter, 276 Va. at 228-29, 661 S.E.2d at 427 (quoting Morrison, 239 Va. at 170, 387 S.E.2d at 756).

> An order issued by a court with subject matter jurisdiction, even if arguably erroneous and thus voidable, is still a court order. As a result, it governs the parties before the court until vacated by the trial court upon reconsideration (assuming a timely ruling under Rule 1:1), or reversed by an appellate court (assuming a timely appeal under Rules 5A:6(a) and 5:9) . . . . A voidable order, however, cannot be set aside upon a "collateral attack."

De Avies, 42 Va. App. at 346, 592 S.E.2d at 353 (citations omitted).

Subject matter jurisdiction is a type of jurisdiction granted by constitution or statute "that delineates a court's ability to adjudicate a defined class of cases or controversies." See Mohamed v. Commonwealth, 56 Va. App. 95, 99, 691 S.E.2d 513, 515 (2010). When determining "whether an alleged error undermines a trial court's subject matter jurisdiction, we focus on the statutory language delegating power to the courts to decide the issue and the legislative design it reveals." De Avies, 42 Va. App. at 346, 592 S.E.2d at 353.

"Proceedings for revocation of suspended sentences are within the subject matter jurisdiction of the circuit courts." Dunham v. Commonwealth, 59 Va. App. 634, 640, 721 S.E.2d 824, 827 (2012). Code § 17.1-513 provides circuit courts with "original jurisdiction of all indictments for felonies and of presentments, informations, and indictments for misdemeanors." Through that statute, the General Assembly has granted circuit courts subject matter jurisdiction over the specific class of cases involving the prosecution of crimes and the rehabilitation of criminals. See Mohamed, 56 Va. App. at 100, 691 S.E.2d at 515. This class of cases includes

-5-

proceedings to revoke probation and suspended sentences.  See id. ("A circuit court's jurisdiction to revoke a convict's probation and suspension of sentence is part of [the] criminal process." (citing Green v. Commonwealth, 263 Va. 191, 194, 557 S.E.2d 230, 232 (2002))).

In the present case, the circuit court clearly had subject matter jurisdiction to revoke Hardy's suspended sentence at the 2010 revocation hearing.  Therefore, the 2010 sentencing order revoking Hardy's suspended sentence and extending the term of his good behavior for two additional years was merely voidable rather than void *ab initio*.  Consequently, Hardy could not collaterally attack the 2010 sentencing order at his 2013 revocation hearing, and he cannot do so on appeal.  Assuming without deciding that the circuit court erred by revoking Hardy's suspended sentence and extending the term of his good behavior in 2010, we are procedurally barred from reviewing the 2010 sentencing order on appeal.  See Rules 5A:6 and 5A:18.  As Hardy failed to timely file a motion with the circuit court requesting reconsideration of the 2010 sentencing order or to petition this Court for an appeal following the 2010 revocation hearing, he is now bound by the terms of the 2010 sentencing order.  See Simmers v. Commonwealth, 11 Va. App. 375, 379, 398 S.E.2d 693, 695 (1990) (holding that a defendant could not collaterally attack a condition of a sentencing order when he failed to timely attack the order in the trial court or petition this Court for an appeal); see also Dunham, 59 Va. App. at 640, 721 S.E.2d at 827, and Mohamed, 56 Va. App. at 101-02, 691 S.E.2d at 516 (both cases reaching similar holdings when defendants attempted to collaterally attack orders revoking their suspended sentences).

Because the circuit court had subject matter jurisdiction to conduct the 2010 revocation hearing, the 2010 sentencing order was merely voidable and is not subject to collateral attack. The circuit court properly refused to vacate the 2010 sentencing order at Hardy's 2013 revocation hearing.  As Hardy failed to timely challenge the 2010 sentencing order in the circuit court or on appeal, the terms of that order were final.  For these reasons, the circuit court

properly concluded that Hardy's term of good behavior had not expired and that it had jurisdiction to revoke Hardy's suspended sentence in 2013 based on his new conviction during the period of good behavior imposed by the 2010 sentencing order. Accordingly, we affirm the circuit court's decision.

Affirmed.