UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

SONNY JAMES KELLY

v.      Record No. 1075-18-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT P. FRANK
SEPTEMBER 24, 2019

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

Afshin Farashahi for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant was convicted, upon a plea of guilty, of threatening to burn a building, a

felony.[1]  The trial court sentenced him in accordance with the plea agreement to five years'

incarceration with four years suspended.  Appellant argues on appeal that the trial court erred in

requiring that he be of good behavior for life because the condition was unreasonable and

violated the terms of the plea agreement.

BACKGROUND

The facts relevant to this appeal are uncontroverted.  Appellant's plea agreement called

for a sentence of five years, with four years suspended, to run concurrently with the sentence

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The facts of the offense are that appellant went to a house looking for a former
occupant.  When the residents asked him to leave and said they would call the police, appellant
replied that he would return and "blow up and burn the house down."

appellant received for another offense.[2]  The agreement called for supervised probation for five years but did not set a period of good behavior.

The presentence report revealed that appellant had a lengthy criminal record beginning in the late 1980s.  Appellant had been on parole or probation numerous times but never successfully completed probation or parole.  Instead, all of his prior probations or paroles were revoked because he "reoffends, absconds, or does both."  At the time of the sentencing hearing, appellant owed Accomack County $22,000 in court costs and fines.  Appellant asked the court to consider in mitigation his history of alcohol abuse.

The trial court sentenced appellant in accordance with the plea agreement but added a condition of "good behavior for the rest of [appellant's] life."  Appellant neither objected to the condition nor filed any post-sentencing motions contesting his sentence.

This appeal follows.

ANALYSIS

We review conditions of probation imposed by a trial court as part of its sentencing determination for abuse of discretion.  See Du v. Commonwealth, 292 Va. 555, 563-64 (2016); Martin v. Commonwealth, 274 Va. 733, 735 (2007).

On appeal, appellant contends that the trial court abused its discretion in sentencing him because requiring good behavior for life is an unreasonable and illegal condition.  He also argues

---

[2] Appellant was sentenced at the same hearing on a conviction for receiving stolen property and a revocation of 2008 suspended sentences, neither of which are subject to this appeal.

that the condition violated the terms of the plea agreement. While acknowledging he did not raise these issues below, he seeks review under the "ends of justice exception" to Rule 5A:18.[3]

The purpose of Rule 5A:18 is "to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App 524, 530 (1992) (*en banc*). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Fountain v. Commonwealth, 64 Va. App. 51, 56 (2014) (quoting Weidman v. Babcock, 241 Va. 40, 44 (1991)).

"'The ends of justice exception is narrow and is to be used sparingly' and applies only in the extraordinary situation where a miscarriage of justice has occurred." Holt v. Commonwealth, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220-21 (1997)); accord Wandemberg v. Commonwealth, 70 Va. App. 124, 137 (2019). "[T]o show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception, the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Holt, 66 Va. App. at 210 (quoting Redman, 25 Va. App. at 221-22).

Whether the ends-of-justice exception to Rule 5A:18 applies requires this Court to determine first if the alleged error occurred and, if so, would "a grave injustice" occur if the

---

[3] Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

exception were not applied. <u>Williams v. Commonwealth</u>, 294 Va. 25, 27-28 (2017) (published order) (quoting <u>Commonwealth v. Bass</u>, 292 Va. 19, 27 (2016)). The exception need not be applied if the alleged error is merely that the condition imposed was not reasonable in light of the circumstances of the case. <u>See</u> <u>Brittle v. Commonwealth</u>, 54 Va. App. 505, 520 (2009) (declining to apply the ends-of-justice exception when a sentence was "not excessive on its face").

Appellant first contends the "miscarriage of justice" is that the trial court had no authority to impose the lifetime good behavior condition. A trial court may suspend the imposition of a sentence, in whole or in part, "under such conditions as the court shall determine." Code § 19.2-303. Additionally, the court "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-303.1. Because appellant did not object before the trial court to the condition placed on his suspended sentence, and made no motion within twenty-one days of sentencing to vacate the provision, appellant "cannot prevail on appeal unless the trial court either lacked jurisdiction or imposed a sentence greater than that authorized by law." <u>Simmers v. Commonwealth</u>, 11 Va. App. 375, 377 (1990).

"Absent an alleged statutory or constitutional violation, '[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'" <u>Du</u>, 292 Va. at 563 (quoting <u>Anderson v. Commonwealth</u>, 256 Va. 580, 585 (1998)). "Probation conditions must be reasonable in light of the nature of the offense, the [appellant's] background, and the surrounding circumstances." <u>Murry v. Commonwealth</u>, 288 Va. 117, 122 (2014).

This Court's opinion in <u>Simmers</u> is helpful in analyzing "reasonableness." Simmers was convicted of leaving the scene of an accident and driving under the influence. <u>See</u> 11 Va. App.

at 376. Driving while intoxicated, he accelerated "well over the speed limit," ran through a stop sign, and struck another vehicle in the intersection. Id. at 378. The two occupants of that vehicle were ejected through the front windshield, and one occupant subsequently died. Id. Simmers had an extensive record of driving offenses. Id. at 379. The trial court, as part of the sentence, prohibited Simmers from driving for twenty years. Id. at 376. We held that based on Simmers' past driving record, the impact of the victim's death on her family members, and the gravity of the offense, the twenty-year ban on driving was not unreasonable. Id. at 379.

Here, appellant had a lengthy criminal record. He had been on probation numerous times, but never successfully completed probation, and all of his prior probations had been revoked because he re-offended and/or absconded. His history of ignoring court orders and disobeying probation officers indicated continuing criminal wrongdoing and no amenability to rehabilitation. Based on his history and attitude, the trial court's imposition of a lifetime requirement of good behavior was reasonable. Therefore, there was no manifest injustice, and the ends of justice exception does not apply.

Further, appellant's contention that adding a "good behavior" requirement violated the plea agreement is waived under Rule 5A:20(e) because he cited no authority in his opening brief to sustain his position. Rule 5A:20(e) requires that an appellant provide "[t]he principles of law, the argument, and the authorities relating to each assignment of error." Unsupported assertions "do not merit appellate consideration," as "[t]he appellate court is not a depository in which the appellant may dump the burden of argument and research." Fadness v. Fadness, 52 Va. App. 833, 850 (2008). "[S]trict compliance with the rules permits a reviewing court to ascertain the integrity of the parties' assertions which is essential to an accurate determination of the issues raised on appeal." Id. (quoting Jones v. Commonwealth, 51 Va. App. 730, 734-35 (2008)). Appellant's "failure to provide legal argument and authority as required by Rule 5A:20 leaves

[this Court] without a legal prism through which to view his alleged error." Bartley v. Commonwealth, 67 Va. App. 740, 746 (2017) (describing appellant's argument as consisting "solely of conclusory statements unsupported by any legal analysis or authority"). Because appellant's failure to provide the required legal authority is significant, we find his argument on this assignment of error is waived. See Baugh v. Commonwealth, 68 Va. App. 437, 442 n.3 (2018); Bartley, 67 Va. App. at 746; see also Jeter v. Commonwealth, 44 Va. App. 733, 740-41 (2005) (holding that arguments cannot be developed for the first time in a reply brief or at oral argument).

CONCLUSION

Having found Rule 5A:18 bars appellant's argument concerning the reasonableness of the "good behavior" condition and that 5A:20(e) bars appellant's argument concerning the trial court's deviation from the plea agreement, we affirm his conviction.

Affirmed.