COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

UNPUBLISHED

SONNY JAMES KELLY

v.     Record No. 0620-18-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT P. FRANK
SEPTEMBER 24, 2019

FROM THE CIRCUIT COURT OF ACCOMACK COUNTY
W. Revell Lewis, III, Judge

Afshin Farashahi for appellant.

Brittany A. Dunn-Pirio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Appellant was convicted in a bench trial of receiving stolen property. The trial court

sentenced him to five years in prison, with two years and seven months suspended, and placed

him on supervised probation for five years.[1] On appeal, appellant challenges the requirement

imposed as a condition of his suspended sentence that he be of good behavior for the rest of his

life upon his release from incarceration.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was sentenced at the same hearing on a conviction for threatening to burn a
building and a revocation of 2008 suspended sentences. He challenged in separate appeals the
sentences imposed for threatening to burn a building (Kelly v. Commonwealth, No. 1075-18-1)
and the revocation (Kelly v. Commonwealth, No. 1076-18-1).

BACKGROUND

The facts relevant to this appeal are uncontroverted.[2]  Appellant's presentence report revealed that he had a lengthy criminal record beginning in the late 1980s, and including five grand larcenies and two burglary offenses.  Appellant had been on parole or probation numerous times but never successfully completed probation or parole.  Instead, all of his prior probations or paroles were revoked because he "reoffends, absconds, or does both."  He committed the instant offense while he was on bond for another offense.  At the time of the sentencing hearing, appellant owed Accomack County $22,000 in court costs and fines.

Appellant argued that he had a history of alcoholism and asked the trial court to sentence him at the "low end" of the guidelines, which was fifteen months.  The Commonwealth argued that appellant "refused to accept responsibility" because, while awaiting trial, appellant sent the victims two letters, claiming that he did not know the property was stolen and asking them to drop the charges.

The trial court sentenced appellant to five years' incarceration with two years and seven months suspended.  The court ordered that appellant "shall be of good behavior for [the] REST OF HIS LIFE" following his "release from confinement."  The court also imposed five years of supervised probation.

This appeal follows.

---

[2] The facts of the offense are that the theft of furniture, appliances, and other household items, valued at approximately $1,700, was discovered by the owners of the property on January 31, 2017, and some of the stolen items were found at appellant's residence.  Appellant initially claimed that he bought the items from his uncle for $400 on January 29, 2017, but later admitted that he knew they were stolen.

ANALYSIS

We review conditions of probation imposed by a trial court as part of the sentencing determination for an abuse of discretion. See Du v. Commonwealth, 292 Va. 555, 563-64 (2016); Martin v. Commonwealth, 274 Va. 733, 735 (2007).

On appeal, appellant asserts that requiring good behavior for life is an unreasonable condition that makes his sentence illegal. While acknowledging he did not raise this issue below, he seeks review under the "ends of justice exception" to Rule 5A:18.[3]

The purpose of Rule 5A:18 is "to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530 (1992) (*en banc*). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Fountain v. Commonwealth, 64 Va. App. 51, 56 (2014) (quoting Weidman v. Babcock, 241 Va. 40, 44 (1991)).

"'The ends of justice exception is narrow and is to be used sparingly' and applies only in the extraordinary situation where a miscarriage of justice has occurred." Holt v. Commonwealth, 66 Va. App. 199, 209 (2016) (*en banc*) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220-21 (1997)); accord Wandemberg v. Commonwealth, 70 Va. App. 124, 137 (2019). "[T]o show that a miscarriage of justice has occurred, thereby invoking the ends of justice exception,

---

[3] Rule 5A:18 states:

> No ruling of the trial court or the Virginia Workers' Compensation Commission will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

the appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur." Holt, 66 Va. App. at 210 (quoting Redman, 25 Va. App. at 221-22).

Whether the ends-of-justice exception to Rule 5A:18 applies requires this Court to determine first if the alleged error occurred and, if so, would "a grave injustice" occur if the exception were not applied. Williams v. Commonwealth, 294 Va. 25, 27-28 (2017) (published order) (quoting Commonwealth v. Bass, 292 Va. 19, 27 (2016)). The exception need not be applied if the alleged error is merely that the condition imposed was not reasonable in light of the circumstances of the case. See Brittle v. Commonwealth, 54 Va. App. 505, 520 (2009) (declining to apply the ends-of-justice exception when a sentence was "not excessive on its face").

Appellant contends the "miscarriage of justice" is that the trial court had no authority to impose the lifetime good behavior condition. A trial court may suspend the imposition of a sentence, in whole or in part, "under such conditions as the court shall determine." Code § 19.2-303. Additionally, the court "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-303.1. Because appellant did not object before the trial court to the condition placed on his suspended sentence, and made no motion within twenty-one days of sentencing to vacate the provision, appellant "cannot prevail on appeal unless the trial court either lacked jurisdiction or imposed a sentence greater than that authorized by law." Simmers v. Commonwealth, 11 Va. App. 375, 377 (1990).

"Absent an alleged statutory or constitutional violation, '[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'" Du, 292 Va. at 563 (quoting Anderson v. Commonwealth, 256 Va. 580, 585

(1998)). "Probation conditions must be reasonable in light of the nature of the offense, the [appellant's] background, and the surrounding circumstances." Murry v. Commonwealth, 288 Va. 117, 122 (2014).

This Court's opinion in Simmers is helpful in analyzing "reasonableness." Simmers was convicted of leaving the scene of an accident and driving under the influence. See 11 Va. App. at 376. Driving while intoxicated, he accelerated "well over the speed limit," ran through a stop sign, and struck another vehicle in the intersection. Id. at 378. The two occupants of that vehicle were ejected through the front windshield, and one occupant subsequently died. Id. Simmers had an extensive record of driving offenses. Id. at 379. The trial court, as part of the sentence, prohibited Simmers from driving for twenty years. Id. at 376. We held that based on Simmers' past driving record, the impact of the victim's death on her family members, and the gravity of the offense, the twenty-year ban on driving was not unreasonable. Id. at 379.

Here, appellant had a lengthy criminal record. He had been on probation numerous times, but never successfully completed probation, and all of his prior probations had been revoked because he re-offended and/or absconded. The present offense was committed while he was on bond for another offense. While awaiting trial, he sent letters to the victims asking them to drop the charges, thus interfering with the orderly administration of justice.

Appellant's history of ignoring court orders and disobeying probation officers indicated continuing criminal wrongdoing and no amenability to rehabilitation. Based on his history and attitude, it was not unreasonable for the trial court to impose a lifetime requirement of good behavior. Therefore, there was no manifest injustice, and the ends of justice exception does not apply.

CONCLUSION

Because appellant failed to preserve his claim at trial and there are no grounds for applying the ends of justice exception to Rule 5A:18, we affirm the decision of the trial court.

Affirmed.