COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Malveaux and Senior Judge Frank
Argued at Hampton, Virginia

**PUBLISHED**

ANTONIO CONCEPCION GARIBALDI

v.        Record No. 0858-18-1

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE ROBERT J. HUMPHREYS
NOVEMBER 5, 2019

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Stephen C. Mahan, Judge

Afshin Farashahi for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Appellant Antonio Concepcion Garibaldi ("Garibaldi") appeals the April 30, 2018 final

order of the Circuit Court of the City of Virginia Beach ("circuit court").  Garibaldi pled guilty to

driving under the influence of alcohol or drugs–prior felony DUI, in violation of Code

§ 18.2-266 and § 18.2-270; driving on a suspended license–third or greater offense, in violation

of Code § 46.2-301; giving false identification to police; failure to identify himself; refusal (third

offense); drinking in public; and driving without headlights.  Garibaldi assigns one error, arguing

that "[t]he [circuit] court erred in imposing, as a condition of the suspended sentence, the

prohibition against [his] driving for ten years after release from incarceration because this part of

the sentence exceeded what has been statutorily authorized."

## I.  BACKGROUND

Garibaldi stipulated at trial that at 2:00 a.m. on December 2, 2016, he was pulled over by

police for driving without headlights.  Garibaldi smelled of alcohol, had slurred speech, and

bloodshot eyes.  When asked, Garibaldi gave his name as Alex Danielle Garibaldi.  Garibaldi

refused a breathalyzer test. He was arrested and charged, and he pled guilty to the charges listed above. The circuit court sentenced Garibaldi to five years' incarceration for the DUI offense and twelve months in jail for the suspended license. The circuit court then suspended all but one year and ten days of these sentences on the condition that Garibaldi "not operate a motor vehicle under any circumstances at any time during the [ten-year period of good behavior], even if eligible to be licensed."

## II. ANALYSIS

### A. Standard of Review

"The determination of sentencing lies within the sound discretion of the trial court. A sentencing decision will not be reversed unless the trial court abused its discretion." Martin v. Commonwealth, 274 Va. 733, 735 (2007) (citing Lane v. Commonwealth, 223 Va. 713, 719 (1982)). Concomitant with this sentencing power, Code § 19.2-303 provides that a trial court "may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine."

In determining whether a circuit court abused its discretion, "we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action." Grattan v. Commonwealth, 278 Va. 602, 620 (2009) (quoting Beck v. Commonwealth, 253 Va. 373, 385 (1997)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." Thomas v. Commonwealth, 44 Va. App. 741, 753, adopted upon reh'g en banc, 45 Va. App. 811 (2005).

### B. Imposition of Driving Prohibition

Garibaldi contends that the circuit court erred by banning him from driving for a period longer than the relevant statutory penalties allow. We dealt with a nearly identical case in Simmers v. Commonwealth, 11 Va. App. 375, 378 (1990), where a trial court prohibited

Simmers from driving for twenty years—double the limit imposed in the instant case—as a condition of his probation. We held that Code § 19.2-303 provides that the "trial court [may] suspend the execution of a sentence without regard to the maximum period for which a defendant might have been sentenced" so long as the court has "due regard for the gravity of the offense." Simmers, 11 Va. App. at 378.

Garibaldi attempts to distinguish Simmers by relying on language from a more recent case, Du v. Commonwealth, 292 Va. 555 (2016). However, in Du, our Supreme Court recapitulated the general proposition underlying Simmers, upholding lifetime probation where the length of probation did not exceed the maximum potential sentence "[a]bsent an alleged statutory or constitutional violation." Id. at 563, 565. Garibaldi alleges just such a statutory conflict.[1]

Code § 18.2-271(C) states that an individual convicted, as here, of a violation of Code § 18.2-266 shall have his or her license revoked as provided in Code § 46.2-391(B). Code § 46.2-391 states, in turn, that once a license is revoked under subsection B, the individual may petition for restoration of his or her license after five years. Code § 46.2-301(D) governs how much additional time a license may be suspended when an individual is convicted of driving with a suspended license. Garibaldi argues that the terms of his probation conflict with both these statutes and thus were imposed in error.

Garibaldi's argument misses a crucial distinction fatal to his argument. A license to operate a motor vehicle is not a right to do so. The circuit court ordered Garibaldi not to drive, rather than not to become licensed to drive. The statutes Garibaldi cites deal only with licensing, yet it is certainly possible for Garibaldi to be validly licensed but to refrain from driving. In fact,

---

[1] Garibaldi does not assign as error that the probationary period in this case exceeds the maximum possible sentence for the offenses of which he was convicted.

this scenario is just the one envisioned by the circuit court, which stated that Garibaldi should "not operate a motor vehicle under any circumstances at any time during the [ten-year period of good behavior], even if eligible to be licensed." In order to further the rehabilitative purpose of probation while also balancing public safety, conditions of probation following a suspended sentence often involve behavioral restrictions or requirements not imposed upon the general public and such is the case here. The condition of probation did not affect Garibaldi's license to drive but rather only required him to refrain from doing so while on probation as a measure of protection to the public that otherwise could only be achieved through Garibaldi's incarceration.

Further, as the Commonwealth correctly points out, the code sections referenced by Garibaldi deal with the revocation of a license as part of a *sentence*. Probation is not part of a sentence, but rather an act of grace on the part of the circuit court conditioned upon a defendant's compliance with reasonable terms and conditions. See Price v. Commonwealth, 51 Va. App. 443, 448 (2008). Instead, the penalty imposed, which did not exceed statutory bounds, was suspended conditioned on Garibaldi abstaining from driving irrespective of him being licensed by the Commonwealth to do so. It is axiomatic that conditions of probation often place restrictions on the activities of probationers that those not on probation may freely enjoy. Of course, the alternative to probation is incarceration, and in fashioning conditions of probation, the courts must balance the rehabilitative and behavior modification goals that probation may facilitate with the safety of the community. See Murry v. Commonwealth, 288 Va. 117, 122-23 (2014). In the absence of a clear statutory or constitutional violation, we defer to the discretion of the circuit court regarding the decision of whether any act of grace is appropriate in the first

instance and secondarily, what conditions will strike an appropriate balance between rehabilitation and public safety.[2]

Because the conditions of probation do not conflict with any statute, it is clear that Simmers and the subsequent cases reaffirming its principles squarely control the outcome of this case. For these reasons, we conclude that there is no statutory conflict between his status as a licensed driver and a condition of probation that prohibits him from actually driving. Therefore, the judgment of the circuit court is affirmed.

Affirmed.

---

[2] The Commonwealth on brief also argues that the driving ban was a reasonable condition of probation. Because Garibaldi did not assign error to its reasonableness and does not address it on brief, we do not address it here.